State v. Gordon.

THE STATE v. GORDON, Appellant.

Division Two, January 23, 1900.

1. **Failure to Instruct.** Exceptions should be saved on failure of the court to fully instruct.

2. **New Trial:** AFFIDAVIT. Motion for a new trial must be accompanied by the affidavit of defendant or an excuse for its absence.

3. **Joint Indictees:** SEPARATE PUNISHMENT: FAILURE TO ASSESS. R. S. 1889, section 4228, provides that, when several defendants are jointly tried, the punishment of each, in case of conviction, must be assessed separately. Section 4230 requires the court to assess punishment when the jury do not declare the punishment by their verdict, or assess a punishment not authorized by law. *Held,* that where the jury failed to assess punishment separately as to two defendants jointly tried and convicted, and the court failed to correct the verdict or to assess punishment separately, the judgment will be reversed, and case remanded for the assessment of the proper judgment.

Appeal from St. Louis City Circuit Court.—*Hon. J. A. Talty,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Bishop & Rollins* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

(1) There was no exception at the time to the failure of the court to instruct on all the law of the case and therefore no advantage can be taken of that now. State v. Cantlin, 118 Mo. 100. (2) The affidavits are by a girl and a man who simply swore they were present and saw the robbery but did not recognize either of the defendants as being one of those taking part in it. This was simply culminative evidence and is no ground for a new trial. State v. Ray, 53 Mo. 345.

SHERWOOD, J.—Robbery in the first degree was the crime charged and established against defendant and Frank Sutter. Defendant alone appealed from the judgment rendered.

The instructions were such as have frequently received the sanction of this court and covered every point necessary for the information of the jury, and therefore there is no ground for complaint that the court did not fully instruct the jury. But in addition to that, defendant saved no exceptions to the action of the court because it failed to instruct, etc. [State v. Cantlin, 118 Mo. 100.]

Relative to the motion for a new trial and the affidavits in support thereof, it is sufficient to say that defendant's affidavit is not found among them, nor any excuse given for its absence. [State v. McLaughlin, 27 Mo. 111; State v. Campbell, 115 Mo. 393.]

A defect not noticed by counsel, appears in the record proper; it is this, the record in relation to the verdict recites: "We, the jury in the above entitled cause, find each of the defendants guilty of robbery in the first degree, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for five years."

Section 4228, Revised Statutes, 1889, requires that when there are several defendants jointly tried, the punishment of each in case of conviction must be assessed separately. This was not done in the case at bar. The court, therefore, should either have refused to receive the verdict and suggested its being put in proper form or failing in this should itself have assessed and declared the punishment (R. S. 1889, sec. 4230) which the jury in this case by their defective verdict failed to do.

For this cause alone the judgment must be reversed and the cause remanded with directions to the trial court to bring the defendant before it and having done so to proceed to assess

and declare his punishment and otherwise proceed in the cause as required by law.

And it is ordered that defendant recover only the cost of this appeal. All concur.