THE STATE v. WILLIAM PERSON and WILLIAM BORDER, Appellants.

Division Two, April 11, 1911.

1. **INFORMATION: Burglary: Sufficiency.** An information charging the defendants with breaking into and entering on a certain named date, a certain beer house of a certain named private person, the same being a building in which beer, goods and merchandise and other valuable things were then and there kept and deposited, by then and there bursting and breaking a certain padlock and chain of an outer door of said building, with intent the said goods, wares and merchandise, then and there unlawfully, feloniously and burglariously to steal, take and carry away, and eighty bottles of beer of the goods, wares and merchandise then and there in said building found, did burglariously and feloniously steal, take and carry away, against the peace and dignity of the State, is entirely sufficient to charge an offense under Sec. 1886, R. S. 1899.

2. **BURGLARY:: Instruction for Larceny: Acquittal.** Where the jury found defendant guilty of burglary only, and thereby acquitted him of larceny, it is unnecessary to determine whether the court should have instructed on petit larceny as well as grand larceny.

3. **JOINT PUNISHMENT: Two Defendants.** Where two defendants are convicted by the same verdict, their punishment should be separately assessed; and if separate assessment is not made by the jury, the court should assess a separate punishment, upon the verdict of guilty, in its sentence and judgment, as the statute authorizes.

Appeal from Iron Circuit Court.—*Hon. Jos. J. Williams,* Judge.

REVERSED AND REMANDED (*with directions*).

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The information is valid and sufficient, duly verified by the prosecuting attorney, and legally presents the charge of burglary and larceny under the statutes, and is in approved form. R. S. 1899, sec. 1886; State v. McGuire, 193 Mo. 215; State v. Helms, 179 Mo. 280; State v. Taylor, 136 Mo. 66; State v. Frazier, 220 Mo. 86; Kelley's Crim. Law and Prac., sec. 609; State v. Tutt, 63 Mo. 595; 3 Chitty, Criminal Law, sec. 717; State v. Shields, 89 Mo. 259; State v. Tyrell, 93 Mo. 354. (2) The defendants did not except to the trial court's failure to instruct the jury on all questions of law arising in the case. No such objection can afterward be made in the appellate court. State v. McGinnis, 158 Mo. 105; State v. West, 157 Mo. 309; State v. Weber, 156 Mo. 249; State v. Palmer, 161 Mo. 152; State v. Meadows, 156 Mo. 110; State v. Norman, 159 Mo. 531. The jury found the defendants guilty of burglary and acquitted them of the crime of larceny. (3) The verdict of the jury is responsive to the issues joined finding the defendants guilty of burglary, as charged in the information, and fixing their

punishment for a term of five years in the penitentiary, and acquitting them both of larceny. It is certain, unambiguous and positive. (4) The appellants were sentenced regularly in open court in accordance with the verdict rendered.

PER CURIAM.—On October 14, 1908, the prosecuting attorney of Iron county filed an information in the circuit court of Iron county, charging the defendants with burglary and larceny in breaking into and entering, on the 13th day of September, 1908, a certain beer house of one R. C. Knight, the same being a building in which beer, goods and merchandise and other valuable things were then and there kept and deposited, by then and there bursting and breaking a certain padlock and chain of an outer door of said building, with the intent the said goods, wares and merchandise then and there unlawfully, feloniously and burglariously to steal, take and carry away, and eighty bottles of beer of the goods, wares and merchandise then and there in said building found, did burglariously and feloniously steal, take and carry away, against the peace and dignity of the State.

At the October term, 1908, of said court, the defendants were put upon their trial before a jury, and were convicted of burglary in the second degree as charged in the information, and their punishment assessed jointly at five years in the penitentiary. Motions for a new trial and in arrest of judgment were duly filed, heard and overruled, and the defendants sentenced to the penitentiary, and from that sentence they have appealed to this court.

The defendants are not represented in this court by counsel, but as in duty bound, we have examined the record, and upon that record the cause must be disposed of by this court.

The information is predicated upon section 1886, Revised Statutes 1899, which provides: "Every per-

son who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this State to be burglary in the first degree, or any booth or tent, or any boat or vessel or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree.''

The information was entirely sufficient to charge an offense under this section. It alleges every essential fact required by the statute. The jury in their verdict acquitted the defendants of the charge of larceny, and it is unnecessary to pass upon the question whether the court should have instructed on petit larceny as well as grand larceny. We discover no substantial objection to the instructions of the court. They seem to cover every phase of the case presented by the evidence.

The evidence tended to establish that Knight, the owner of the beer house, left the same about 11:30 o'clock on Saturday night, September 12, 1908, and when he left the door thereof was securely fastened by a chain and padlock. Next morning, about seven o'clock, he found the padlock broken, and there were two cases of beer and a gunny sack missing from his merchandise in the house. He thereupon notified the sheriff and his deputy, and the latter proceeded afoot in the direction of the defendants' home, and hid themselves in the brush, and soon after discovered the defendant Person near the bank of a creek, opening bottles of beer and imbibing the same. The sheriff heard Person whistle, and thereupon defendant Border came to Person, and they both indulged in drinking beer. The sheriff rushed upon them, when they both ran in different directions. They were both arrested. The sheriff and his deputy found the sack that had been

taken from the beer house, with bottles of beer in it, and found several bottles of beer in the pockets of defendant Border and in his shirt bosom. The beer and sack were identified by Knight as the beer and sack kept in his depot or beer house. Upon being arrested defendant Person said: "What's the matter? I just found some beer here, and was drinking it." The sheriff told him to help put the bottles in the sack, and Person said "he did not bring it, and he would not help take it away."

Defendant Border put the bottles which he had in his pockets and shirt bosom into the sack. He stated that he was going to take some beer home, and Person said they intended to take the rest of it down to the creek where they were going to have a crap game.

The defendants sought to establish an alibi. They testified to a state of facts that would have rendered it impossible for them to have been at the beer house after the time Knight had left the same until the discovery of the burglary. Person stated that he had gone out to his step-father's house and did not see Border until next morning. Afterwards he found some beer near the point where the sheriff discovered him. He did not know who left the beer there, nor to whom it belonged, but supposed it belonged to some boys that were going to engage in a crap game down the creek. On cross-examination he testified that he had been arrested for disturbing the peace and that he had been convicted in the circuit court of Iron county for assaulting a woman, and had been punished by six months' imprisonment. He had also been convicted and served his term for larceny. Border also testified in his own behalf, and endeavored to establish an alibi, and explained his connection with the beer which was found in his possession by saying that on his return from Arcadia that morning afoot, he saw his co-defendant standing on the creek bank, against the fence of Soc Newman's place, about thirty yards from the

main road, and Person drew his attention by a whistle; that he went down to where Person was, and the latter had a pint of whiskey and some bottle beer; that the beer was on the inside of the fence, in a gunny sack. His co-defendant gave him some beer, and told him to take a bottle or two along with him; that thereupon the sheriff came up and arrested him. On cross-examination, he stated that he had been convicted of arson in the third degree for burning Peter Snyder's house; that this was the third time he was arrested for anything at all, except that he was convicted of disturbing the peace of a woman once. The State, in rebuttal, offered evidence tending to show the defendants' general reputation for truth and veracity was not good.

There was ample evidence to sustain the verdict of the jury. Notwithstanding this, we find upon examination of the verdict and the sentence of the court that the jury did not assess the punishment of the two defendants separately, as required by section 2647, Revised Statutes 1899. The verdict is in these words:

"We the jury in the case of State of Missouri v. William Person and William Border find the defendants William Person and William Border guilty of burglary in the second degree as they are charged in the information, and we fix their punishment for the same at imprisonment in the penitentiary for the term of five years. And we find said defendants not guilty of larceny in connection with said burglary.

"C. E. BARTON, foreman."

That this verdict is a good verdict of guilty we think there can be no doubt, while it might have been improved by inserting the word "each," so that the verdict would read: "We find the defendants William Person and William Border each guilty of burglary in the second degree." We think it sufficient in that respect; but when the jury came to assess the punish-

ment, clearly they did not assess the punishment of each separately as the statute plainly requires.

In State v. Gordon, 153 Mo. 576, the verdict was in these words: "We, the jury in the above entitled cause, find each of the defendants guilty of robbery in the first degree, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for five years." This court said: "Section 4228, Revised Statutes 1889 (Sec. 2647, R. S. 1899), requires that when there are several defendants jointly tried, the punishment of each in case of conviction must be assessed separately. This was not done in the case at bar. The court, therefore, should either have refused to receive the verdict and suggested its being put in proper form, or failing in this, should itself have assessed and declared the punishment (R. S. 1889, sec. 4230; R. S. 1899, sec. 2649), which the jury in this case, by their defective verdict, failed to do. For this cause alone the judgment must be reversed and the cause remanded, with directions to the trial court to bring the defendant before it, and having done so, to proceed to assess and declare his punishment, and otherwise proceed in the cause as required by law. And it is ordered that the defendant recover only the cost of this appeal." It is obvious that these two verdicts are identical in principle,

In State v. Thornhill, 174 Mo. 364, the jury found two defendants guilty of grand larceny, and assessed "their punishment at two years in the penitentiary," in one verdict. The trial court sentenced each of them separately to the penitentiary for two years, the lowest punishment that could be assessed against one found guilty of that crime. After quoting the language of the court in State v. Gordon, 153 Mo. 576, this court said: "This ruling then and now commends itself for the reason that as no error had occurred up to the point of assessing the punishment, no rule of right or policy demanded that the whole

case should be retried when the statute furnished its own corrective for such an irregularity.'' Accordingly it was held that the court in its judgment corrected the error in the verdict.

But in this case the learned circuit court did not sentence each defendant separately as was done in the Thornhill case. Accordingly, it must be held that the verdict itself was erroneous as to the assignment of the punishment, and that the judgment and sentence was likewise erroneous in not separately sentencing each defendant. As the verdict is a part of the record proper, and this court is bound to take notice of this error upon this appeal, the judgment must be reversed and the cause remanded, with directions to the circuit court to cause the defendant Person to be brought before it and proceed and declare his punishment upon the verdict of guilty, and sentence him separately, and the marshal of this court is directed to receive the said William Person from the warden of the State Penitentiary and safely convey and deliver him to the sheriff of Iron county to abide the action of the circuit court as above directed. Inasmuch as it appears from the record of this court at this term of the court that the said William Border is confined in the penitentiary upon a previous conviction for arson in the third degree, he will remain in the penitentiary to serve out the sentence in that cause before being taken before the circuit court to receive his sentence in this cause; and it is ordered that the defendants recover only the costs of this appeal.

The foregoing opinion, written by GANTT, J., but handed down by him before his retirement from the Supreme Bench, is now adopted as the opinion of the court.