STATE of Missouri, Respondent,

v.

Levi SHEARD and Lloyd Thompson, Appellants.

No. 44445.

Supreme Court of Missouri.

Division No. 2.

March 14, 1955.

John P. Haley, Jr., Austin B. Speers, Kansas City, for appellants.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Levi Sheard and Lloyd Thompson were convicted of rape on June 16, 1953, in the Circuit Court of Jackson County, Missouri. No brief has been filed on behalf of the appellants so we consider the matters preserved for review by the assignments of error in the motion for new trial.

198

The first, second and fifth assignments of error in the motion for new trial are respectively as follows: "The verdict is against the law and the evidence," "The verdict is against the weight of the evidence" and "The prosecuting attorney misquoted the evidence in his final argument." None of these general assignments of error preserve anything for review for the reason that they do not "set forth in detail and with particularity" the specific grounds or causes therefor. Section 547.-030 RSMo 1949, V.A.M.S., Supreme Court Rule 27.20, 42 V.A.M.S. See also State v. Sheard, Mo.Sup., 276 S.W.2d 191, and the cases therein cited.

The fourth assignment of error is that there was no proof that the defendants participated in the rape or were parties to the rape. It is admitted that the prosecutrix was forcibly ravished by someone, and there is substantial evidence in the record to support such a finding. This assignment is a challenge to the sufficiency of the evidence that the appellants were the ones who committed the criminal act. The evidence introduced on behalf of the State justifies the following statement of facts.

The prosecutrix and a friend, Willard Beckett, were in the 2900 block of Forest Street, Kansas City, Missouri, shortly after midnight on the morning of February 15, 1953. Three colored men, one of whom had a slight limp, approached them and hit Willard Beckett on the back of the head and "knocked him out." They then hit the prosecutrix in the eye and knocked her down and took her wrist watch and pocketbook. Prosecutrix testified that she "got a real good look at them" and that she "would never forget them." Her coat was placed over her head. Willard Beckett "struggled or something, so they all went and worked on him some more." The prosecutrix peeped from under the coat and one of the trio hit her on the head and told her not to peek. The three men then took her across the street, put her in the back seat of a car and drove away.

The prosecutrix was "pretty scared" and was told that if she did as told they would not hurt her, but if she did not they would kill her. Sexual intercourse with actual penetration was had with her three separate times. After each act of intercourse the car was stopped and the man in the back seat changed places with one of the men in the front seat. Her coat was kept over her head and she was not able to say whether each of her assailants had intercourse with her or if one of them had intercourse more than once. She could not describe the car except to say that it had four doors. When she was put out of the car near Twenty-sixth and Woodlawn Streets in Kansas City, Missouri, the coat was still over her head and she was led "down the grade a little ways and shoved" and told not to look back and to keep the coat over her head or they would come back and kill her. Prosecutrix immediately went to a neighboring residence, told what had happened to her and the police were called. Her hose were torn and soiled, she had an abrasion across her forehead, her eye was black, and her clothes ruffled. She was examined at a hospital about three o'clock in the morning and seminal fluid and male spermatozoa were found in her vagina. The examination also revealed "many * * * gonorrheal organisms."

About two-thirty or three o'clock in the afternoon of February 15, 1953, the appellants and Leslie Sheard were arrested by an Arkansas State Policeman near Russellville, Arkansas. At the time of arrest there were found in their car two handkerchiefs and a bottle of perfume which were in the purse of the prosecutrix at the time of the assault, and also an overcoat and a billfold which were the property of Willard Beckett. The prosecutrix identified the two appellants and Leslie Sheard in a police line-up and positively identified both appellants at the trial as being two of her three attackers.

Both appellants testified in their own behalf, and the defense called Leslie Sheard as a witness. He testified that during the night of February 14, 1953, he was

"bootlegging cabs" (which term apparently was used to refer to an unauthorized operation of a vehicle as a taxicab) in a 1951 four-door Chevrolet. He denied that he had anything to do with the rape or that he was with Levi Sheard or Lloyd Thompson at the time the rape of the prosecutrix occurred. He admitted that he and the two appellants left Kansas City about five o'clock on the morning of February 15, 1953, and drove to Arkansas where they were arrested. But he stated that the purpose of the trip was to take Lloyd Thompson to see his mother at Fordyce, Arkansas, and that he had asked Levi Sheard to go along.

Lloyd Thompson and Levi Sheard each denied any part in the rape. Levi Sheard testified that at the time of the rape he was attending a party in honor of his birthday and three witnesses supported him in this alibi. Lloyd Thompson testified and showed the jury that he had an artificial leg, apparently on the theory that if he had sexual intercourse with prosecutrix she could have discovered this fact. He also testified that Leslie Sheard had taken him to Arkansas to see his mother. Both appellants denied that they then had or ever had gonorrhea, but this question was not asked of Leslie Sheard. Dr. E. J. Marshall testified that on June 12, 1953, he examined the two appellants and also Leslie Sheard, and that in his opinion none of the three were suffering from gonorrhea.

We are of the opinion that there was substantial evidence that the appellants were two of the three persons who ravished the prosecutrix on the morning of February 15, 1953. The prosecutrix testified that she got a "real good look" at her assailants before they knocked her down. She identified the appellants in a police line-up and she positively identified them at the trial as two of her attackers. She testified that one of her assailants had a slight limp and appellant Lloyd Thompson admitted that he had an artificial leg. Also the three men who assaulted her and her companion took her purse in which there were, among other things, two handkerchiefs and a bottle of perfume. They also took Mr. Beckett's overcoat and billfold. All of these items were found in the appellants' car a short time after the criminal act. It is reasonably apparent that whoever committed the assault and took the items referred to also ravished the prosecutrix. In addition there is the incriminating evidence of flight if the jury chose not to believe appellants' explanation of the reason for their trip to Arkansas.

We need not decide if there was substantial evidence that each appellant had sexual intercourse with the prosecutrix. A party may be charged with doing the act of rape himself and be held liable under such charge for being present, aiding and assisting another in doing it. State v. Sheard, Mo.Sup., 276 S.W.2d 191; State v. Sykes, 191 Mo. 62, 89 S.W. 851 [9]; State v. Burlison, 315 Mo. 232, 285 S.W. 712 [2]. There was substantial evidence that the prosecutrix was forcibly ravished by three men acting together for a common purpose and each aiding and abetting the others. There was also substantial evidence that the two appellants were two of the three men who ravished the prosecutrix. The credibility, weight and value of the testimony of each witness, and the reconciliation of the inconsistencies between the testimony of various witnesses, is for the jury. State v. Bayless, 362 Mo. 109, 240 S.W.2d 114 [2]; State v. Rash, 359 Mo. 215, 221 S.W.2d 124 [4]. The jury found that the appellants were the perpetrators of the crime. There was substantial evidence to support this finding and the appellate court does not interfere with the verdict of a jury supported by substantial evidence. State v. Thursby, Mo. Sup., 245 S.W.2d 859 [6]. There is no merit to this assignment of error.

The sixth assignment of error is that the court erred in allowing the confession of Leslie Sheard to be admitted into evidence over the objection of appellants. This assignment fails to state any reason why the admission in evidence of the confession was error. The specific grounds for a new trial are not set forth in detail and with particularity. It pre-

served nothing for review. Section 547.030 RSMo 1949, V.A.M.S.; Supreme Court Rule 27.20; State v. Rose, Mo.Sup., 249 S. W.2d 324 [5]; State v. Tillett, Mo.Sup., 233 S.W.2d 690 [4]. At the time the statement was offered, defense counsel objected because it was an "extra-judicial confession of a co-conspirator." The trial judge admitted it into evidence on the ground that it was offered to impeach Leslie Sheard, a witness for the defense, by reason of prior inconsistent statements, and it certainly was inconsistent with almost everything he testified to under oath.

 The seventh assignment is that the court erred in refusing appellants' motion for a directed verdict of acquittal when the evidence disclosed that the appellants never had gonorrhea and the State's evidence disclosed that the prosecutrix received gonorrhea from her attackers. In this assignment of error appellants seem to take the position that if they present evidence, which if true would discredit part of the State's proof, that the trial court should take the case from the jury and direct a verdict of acquittal. This of course is not the law. In determining the sufficiency of the evidence to submit to the jury the question of whether appellants were the ones who committed or participated in the commission of the crime, we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom. Evidence to the contrary is rejected. State v. Harmon, Mo.Sup., 243 S.W.2d 326 [7]; State v. McBrayer, Mo.Sup., 269 S.W.2d 756 [2]; State v. Holtzclaw, Mo.Sup., 258 S.W.2d 666 [1]. If the jury had rejected every bit of the evidence of the State and accepted all the evidence of the defense concerning the question of gonorrhea, which we need not assume that it did, there still remained substantial evidence to submit to the jury the question of the guilt of each appellant and to sustain the verdict of guilty as to each. The assignment is overruled.

The remaining assignment of error (the third listed in the motion for new trial) is that the verdict is excessive. Contrary to the instructions of the trial court that the jury should return a separate verdict and sentence for each defendant, the jury returned the following verdict:

"We, the jury, find the defendants, Levi Sheard and Lloyd Thompson, guilty of rape as charged in the Information, and assess their punishment at 50 years and 1 day."

 By reason of the subsequent disposition of this case we need not consider the effect of the failure of the jury to designate the punishment as imprisonment in the State Penitentiary. This verdict named each appellant and found each guilty of the offense charged. It is a sufficient verdict of guilty as to each of the persons named. State v. Loyd, Mo.Sup., 233 S.W.2d 658 [5]; State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945 [13, 14]; State v. Henderson, Mo.Sup., 284 S.W. 799 [2]; State v. Gordon, 153 Mo. 576, 55 S.W. 76; State v. Person, 234 Mo. 262, 136 S.W. 296 [4]. Although the verdict of guilty was as to each named person, the assessment of punishment was stated to be, "and assess their punishment at 50 years and 1 day." This does not comply with Section 546.420 RSMo 1949, V.A.M.S. nor with Supreme Court Rule 27.02 which provides that, "When several defendants are jointly tried, the punishment of each, in case of conviction, must be assessed separately." The verdict returned, although a sufficient verdict of guilty, fails to assess any punishment. State v. Gordon, 153 Mo. 576, 55 S.W. 76; State v. Thornhill, 174 Mo. 364, 74 S.W. 832; State v. Carroll, 288 Mo. 392, 232 S.W. 699 [9]; State v. Bliss, Mo. Sup., 80 S.W.2d 162 [6]. Under such circumstances, "the court shall assess and declare the punishment, and render judgment accordingly." Section 546.440 RSMo 1949, V.A.M.S.; Supreme Court Rule 27.03; State v. Bliss, supra. After the return of the verdict above set out, and after the overruling of a motion for new trial, the record shows that the trial judge purported to reduce the sentence from fifty years and one day to twenty-five years. Section

546.430 RSMo 1949, V.A.M.S.; Supreme Court Rule 27.04. The judgment, insofar as material here, reads: " * * * It is ordered by the court that said defendants, Levi Sheard and Lloyd Thompson, do undergo confinment in the penitentiary of the State of Missouri for and during the period of twenty-five (25) years for the said offense and rape, * * *." This is not a separate assessment of the punishment. State v. Carroll, supra; State v. Bliss, supra. We cannot consider the assignment that the "verdict is excessive" because as yet there has been no lawful sentence imposed. The trial court may still exercise the discretionary power conferred by Supreme Court Rule 27.04 concerning the punishment if it so desires.

We have also reviewed those other record matters which we review irrespective of a motion for a new trial and no other error prejudicial to the appellant is found. The information properly charged both appellants with the offense of rape. No arraignment or plea are shown in the record, but appellants were tried as if they had been arraigned and had entered a plea of not guilty. The failure of the record to show arraignment and the entry of a plea is not reversible error. Supreme Court Rule 25.04. Appellants were present throughout the trial.

There being no other error the judgment is reversed and the cause remanded with directions to the trial court to bring the appellants before it, and, having done so, to proceed to assess and declare the punishment of each of said appellants separately, and otherwise proceed in the cause as required by law.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY, J., and BROADDUS, Special Judge, concur.