## W. I. WALLACE et al. v. E. L. LIBBY, Appellant.

*Division One, November 30, 1910.*

1. **APPEAL: Abstract: Motion for New Trial.** The abstract of the record proper must show the filing and overruling of the motion for a new trial. A recital in the bill of exceptions that such motion was filed and overruled does not cure the omission of such recital from the record proper, for the bill is not the proper receptacle for such matters.

2. ——: ——: **Bill of Exceptions.** If the record proper does not show that the bill of exceptions was filed, the evidence cannot be considered on appeal; and if no portion of the printed abstract purports to be the record proper, it cannot be held that the abstract shows that a bill of exceptions was filed.

3. ——: ——: **Matter of Record and Exception.** The printed abstract should distinguish between matters of record proper and matters of exception. A failure to do so is fatal to the appeal.

4. ——: ——: **Arrangement and Printing of Points and Argument.** So long as there is a substantial compliance with Rule 15, an objection to the form of the brief or the order of argument will not defeat the appeal. Merely because appellant's brief does not set out the points in numerical order, together with a citation of authorities under each point, and does not separate points from argument, the appeal will not be dismissed.

5. ——: ——: **Judgment.** The abstract of the record proper must show that a judgment was rendered, or the appeal will be dismissed.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

DISMISSED.

*J. W. Farris* for appellant.

*W. I. Wallace* for respondents.

WOODSON, J.—This is an equitable proceeding, begun in the Laclede Circuit Court, November 29, 1905, for the purpose of removing a cloud from the title of certain real estate, situate in said county, and specifically described in the petition, and which plaintiffs claimed to own, and to enjoin the sale of same by Sam Farrar, trustee, under a deed of trust executed by Charles F. Clough and Walter Clough, in which the defendant, E. L. Libby, was named as the beneficiary; also for the purpose of quieting the title to said real estate. A temporary injunction was granted by the trial court, and upon the final hearing was made perpetual. The relief prayed for in the petition was granted and the title quieted. From that judgment and decree the defendant duly appealed to this court.

I. At the threshold of this case we are confronted with a motion, timely filed in this court, asking that the appeal be dismissed, or that the judgment be affirmed, for the reason that appellant has failed to comply with the rules governing the practice in this court in the following particulars to-wit:

"1. Because the printed abstract of the record proper fails to show that a motion for a new trial was filed and overruled by the trial court.

"2. Because the printed abstract of the record proper fails to show that a bill of exceptions was filed.

"3. Because the printed abstract fails to show where the abstract of the record *proper* ends, and the bill of exceptions begins.

"4. Because appellant's brief herein is not printed separate and apart from the argument or dis-

cussion of the authorities, and does not contain a statement, in numerical order, of the points relied on, together with a citation of authorities under each point, as required by Rule 15. Further, because appellant's brief does not distinctly and separately allege the errors committed by the trial court as required by Rule 15.

"5. Because the abstract of the record proper fails to show that a judgment was rendered by the trial court."

Addressing ourselves to the first grounds of the motion, it is sufficient to state that the printed record wholly fails to designate what is record proper and what is matter of exception. In fact, it fails to state that anything printed in the abstract is contained either in the record proper or in the bill of exceptions, but leaves this court to conjecture whether or not the matters so printed are contained in either, and if in either, then which.

In a long line of cases this court has repeatedly held that the abstract of the record proper must show the filing and overruling of the motion for a new trial. [Harding v. Bedoll, 202 Mo. l. c. 625; Hill v. Butler Co., 195 Mo. l. c. 514; Flanagan Milling Co. v. St. Louis, 222 Mo. 306.] No such showing was made, and the abstract totally failed to comply with the rule in that regard. Nor could that defect in the abstract be cured by a recital of matters of record proper in the bill of exceptions. [Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Ponnowfsky v. Coerver, 205 Mo. 135.] Under the latter decisions, appellant would be in no better position, even though the bill of exceptions showed that the motion for a new trial was filed and overruled, for the reason the bill is not the proper receptacle for such matters.

We are, therefore, of the opinion that the first ground assigned in the motion was well taken.

II.  As regards the second ground assigned in the motion to dismiss or affirm, namely, that the record proper does not show that the bill of exceptions was ever filed.

In regard to this contention we wish to state that after a careful inspection of the entire printed abstract, we have been unable to find any portion thereof which purports to be the record proper, and, consequently, the record proper could not show the filing of the bill of exceptions.  That failure is fatal to a hearing in this court.  [Stark v. Zehnder, 204 Mo. 442; Harding v. Bedoll, supra; S. M. & A. Railroad v. Wyatt, 223 Mo. 1. c. 352.]  Nor would a recital of the filing in the bill of exceptions itself supply the omission in the record proper.  [Western Storage & Warehouse Co. v. Glasner, supra; Pennowfsky v. Coerver, supra.]

III.  As regards the third ground, there is nothing contained in the printed abstract to distinguish matters of record proper and matters of exception.  This alone is fatal to a right to a hearing in this court.  [Barham v. Shelton, 221 Mo. 1. c. 70; Clay v. Pub. Co., 200 Mo. 1. c. 672; Stark v. Zehnder, supra.]

IV.  The fourth ground of the motion is not well taken.  Much latitude must, in the very nature of things, be permitted under Rule 15 of this court.  Each brief and argument must depend largely upon the individuality of the person who prepares or makes them, and no fixed standard can be erected by which each and all briefs and arguments are to be measured or tested.  Just so there is a substantial compliance with Rule 15, no objection can successfully be made to the form of the brief or the order of the argument.

V.  The fifth ground of the motion is also well taken.

The printed abstract not only fails to show that the record proper recites the rendition of the judgment, but it also fails to designate any matter what-

ever as appearing by the record proper. This is also fatal to this appeal. [Reagan v. St. Louis Transit Co., 180 Mo. 1. c 143-144; Harding v. Bedoll, supra.]

There being no record proper or bill of exceptions before this court for review, there remains nothing for us to do but to sustain the motion and dismiss the appeal. It is so ordered. All concur.