## THOMAS LANGSTAFF v. CITY OF WEBSTER GROVES, Appellant.

### Division One, November 30, 1912.

1. **APPEAL: Abstract: Bill of Exceptions.** Matters of exception will not be reviewed on appeal unless the abstract of the record proper shows that a bill of exceptions was filed, and the fact of filing is not proved by a statement in what purports to be, and is headed, a "Bill of Exceptions," that "the defendant tenders this, its bill of exceptions, and prays that the same may be . . . filed, which is accordingly done," followed by the signature of the judge.

2. **———: ———: Motion for New Trial.** Matters presented on an appeal from an order sustaining a motion for a new trial will not be reviewed unless it appears from the abstract of the record that such motion was made and passed upon.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*Samuel D. Hodgdon* and *Louis A. Steber* for appellant.

*R. H. Stevens* and *Watts, Gentry & Lee* for respondent.

BROWN, C.—This is a suit for twenty thousand dollars damages for personal injuries alleged to have been suffered by the plaintiff from falling off a defective sidewalk in defendant city. It was instituted in the circuit court for the county of St. Louis, from which it was removed to the circuit court for the city of St. Louis, in which the transcript was filed February 7, 1908. The cause seems to have been tried at the June term, 1908, of that court. The trial resulted in a verdict for defendant, which was set aside upon motion for a new trial, upon the ground that the court had erred in giving improper instructions at defendant's request. The appeal is taken from the order sustaining the motion for a new trial, as is shown by the short transcript filed. The abstract of the record consists of the certified transcript of the proceedings in the circuit court for St. Louis county. It contains no entry whatever from the records of the circuit court for the city of St. Louis.

Following the transcript is what purports to be a "bill of exceptions" beginning as follows:

"Be it remembered, that, on the twentieth day of April, 1908, at the April term, the above entitled cause came on for trial in Division No. 4 of said Court, before Hon. Matt G. Reynolds, Judge, and a jury, and the following proceedings were had therein, to-wit." Then follows the evidence, the instructions of the court, the verdict, the motion for a new trial and the statement that it was sustained, and time granted to file a bill of exceptions. It then closes as follows:

"Inasmuch as the above matters and things do not appear of record, and in order that they may be preserved and made of record, and presented to the Supreme Court of Missouri for review, the defendant tenders this, its bill of exceptions, and prays that the

Langstaff v. Webster Groves.

same may be allowed, signed, sealed, filed, and made
a part of the record in this cause, which is accordingly
done this 20th day of November, nineteen hundred and
eight, in the October term of said Court.   Matt G.
Reynolds, Judge of the Circuit Court, City of St. Louis,
State of Missouri, Division No. 4.''

The abstract contains nothing more.   It will be
seen that it does not appear from it that any order
was entered upon the records of the circuit court for
the city of St. Louis during the progress of the case. If
the statement contained in the paper entitled ''bill of
exceptions'' that a motion for a new trial was filed and
sustained would otherwise raise a sufficient implication
of those facts, we are still confronted with the diffi-
culty that, although the judge's statement at the end
of the bill recites that it was allowed, signed, sealed,
*filed* and made a part of the record in term time, this
has no tendency to prove that fact, but merely shows
that it was signed in proper form and ready to file
in the court whenever the appellant should think
proper to do so.

Under the repeated decisions of this court that
matters of exception will not be reviewed here unless
it is shown in the abstract of the record proper that a
bill of exceptions was actually filed as well as signed,
and that matters required to be presented in a motion
for a new trial will not be reviewed unless it appears
from the abstract of the record entry of the court that
such motion was filed and passed on, the only question
involved in this appeal is not so presented that we
can examine and determine it.   [Noble v. Brinson, 231
Mo. 640; Wallace v. Libby, 231 Mo. 341, and cases
cited.]   It is seldom that our attention has been di-
rected to a more flagrant disregard of this rule, which
has been enforced with such uniformity that there can
no longer be any reasonable excuse for its violation.

It follows that the order and judgment of the circuit court granting a new trial must be affirmed.

*Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.