JOE HARDIN, Respondent, v. ROBERTS COTTON OIL COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted January 6, 1915.    Opinion Filed February 2, 1915.

APPELLATE PRACTICE: Matters of Exception: Prerequisites to Review. Matters incorporated in the bill of exceptions are not reviewable, on appeal, unless there is a record entry showing that the bill was filed in the trial court.

Appeal from Bollinger Circuit Court.—*Hon. Peter H. Huck* Judge.

AFFIRMED.

*Wm. M. Morgan* and *E. L. Westbrooke* for appellant.

*Bradley & McKay* for respondent.

The abstract must show from the record proper that the motion for a new ·trial was filed and over-ruled and that time was granted to file the bill of exceptions and the same was duly filed by the court or the clerk in vacation by· an order duly spread upon the record or some statement to that effect, or appellant has nothing before this court for its consideration but the record proper. Bradberry v. Kerns, 115 Mo. App. 99; Bailey v. McWilliams, 111 Mo. App. 35; Hesse v. Queen Insurance Co., 115 Mo. App. 89.

REYNOLDS, P. J.—Action by respondent to recover damages for personal injuries alleged to have been sustained by him in the operation of a cotton gin. From a judgment in favor of respondent, plaintiff has appealed to our court.

As reluctant as we are and always have been to dispose of any case other than on the merits, we are obliged to do so with the present case.

A very careful examination of the printed abstract furnished by appellant fails to show any order of record of the court, judge, or clerk, of the filing of any bill of exceptions in the circuit court of Bollinger county, from the judgment of which court this appeal was taken. What purports to be the bill of exceptions in the case is in the abstract. Preceding this bill of exceptions is what is intended to be the record proper, but which contains matter properly belonging to the bill of exceptions. The last entry in this is an objection to remarks of counsel, followed by the ruling of

the court on the objection and then an exception to the ·
ruling. Following this is the venue, title of cause and
this: "Defendant's Bill of Exceptions." No entry
here appears showing that it was filed in court. At
the end of the bill of exceptions is the usual certificate
of the judge of the circuit court, that the bill of excep-
tions had been presented to him in pursuance of leave
granted, the appellant praying "that the same may be
signed and sealed as such and made a part of the
record in this cause, which is accordingly done, this
24th day of February, 1913." This is signed by the
judge. Following this is the entry: "Filed, Feb-
ruary 26, 1913." Where it was filed, by whom this
date of filing was attached, nowhere appears. Apart
from this recital in the bill of exceptions itself, there
is nothing whatever in the abstract to show that this
bill or any bill of exceptions was ever filed with the
clerk or in court.

Proceeding under our Rule 33 (181 Mo. App.
XII), counsel for respondent duly served and filed
objections to the abstract for many reasons, among
others, because that abstract fails to show any order
of the court covering the fact of filing the bill of ex-
ceptions. While counsel for appellant have met many
of the objections made to the abstract, they have not
met this particular point, nor overcome this objec-
tion, which if true, is fatal and precludes any consid-
eration of matter covered by the bill of exceptions,
and which can only be considered by us when pre-
served in and brought before us by bill of exception.
In such condition, that is, the lack in the record of any
entry showing the filing of a bill of exceptions, our
Supreme Court has so distinctly and in so many cases
laid down the law which must govern, that we are
bound to follow that ruling, and cannot overlook or
disregard this fatal omission. Among the latest of
the decisions covering this point is that of Wallace v.
Libby, 231 Mo. 341, 132 S. W. 665, where it is held

that the failure of the record proper to show the filing of a bill of exceptions, is fatal to a hearing in the appellate courts, on matters which can only be preserved by a bill of exceptions, it being further said in that case, as has been said in many others, that the recital of the filing of the bill of exceptions appearing only in that bill itself, does not supply the omission of an entry of filing in the record proper. [See also Langstaff v. City of Webster Groves, 246 Mo. 223, 151 S. W. 456.]

In the light of these decisions of our Supreme Court, we are obliged to hold that there is nothing before us for review but the record proper. Finding no error in that, the judgment of the circuit court must be and is affirmed. *Nortoni* and *Allen JJ.,* concur.