## THE STATE v. RANDEL WALKER, Appellant.

### Division Two, June 5, 1925.

1. **CARNAL KNOWLEDGE:** Statute: Amendment of 1921: Title: Did Not Change Age of Male. The title of the Act of 1921, Laws 1921, page 284a, amending Sections 3247 and 3248, Revised Statutes 1919, relating to the felony of carnal knowledge, did not indicate a purpose to change the minimum age of the male, but indicates only a purpose to change the age of the female; consequently, the word "seventeen" in Section 3248 relating to males was not changed to "sixteen" by the Act of 1921, but the word "sixteen" contained in the act is to be disregarded and in lieu thereof the act is to be read as stating that "seventeen" is the minimum age of the male.

2. ———: ———: Information: Seventeen Years. An information charging that the defendant was over seventeen years of age at the time the act of carnal knowledge was committed in 1922, and that the prosecutrix was an unmarried female of previously chaste character, between the ages of fifteen and eighteen years, to-wit, of the age of sixteen years, sufficiently charges the age of each under the law then existing, to-wit, Sections 3247 and 3248, Revised Statutes 1919, as amended by the Act of 1921, Laws 1921, page 284a, and sufficiently charges the offense denounced by the amendatory act.

3. **MOTION FOR NEW TRIAL:** Filed after Allocution: Bills of Exceptions. Where the verdict of the jury was that "we find the defendant guilty as charged in the information" and the record proper recites that the court, after the verdict was returned, assessed defendant's punishment at two years' imprisonment, and, after granting him allocution, pronounced sentence upon him, a recital in the bill of exceptions that motions for a new trial and in arrest of judgment were filed before sentence was pronounced cannot be taken as true. The record proper must show the motions were filed, and the office of a bill of exceptions is to show that exceptions were saved to the court's action in overruling the motions and not to impeach or change the record proper. And where the record proper expressly recites that, after the verdict was returned, the

court informed the defendant that he had been found guilty by the jury as charged in the information and that the court had assessed his punishment at two years' imprisonment, "and, being asked if he had any legal cause to show why judgment should not be entered against him and still failing to show such cause, it is therefore ordered and adjudged by the court," etc., and that thereafter and on the same day the defendant filed his motions for a new trial and in arrest of judgment, it must be held that defendant was granted full opportunity to show cause why judgment should not be entered against him before sentence was pronounced, and that his motions were not filed until after allocution and sentence, and therefore were not timely filed, notwithstanding the bill of exceptions recites that they were filed before sentence was pronounced.

4. ————: **Untimely Filing: Bill of Exceptions.** The statute (Sec. 4079, R. S. 1919) prescribes that a motion for a new trial must be filed before judgment is entered upon the verdict, and the statute is mandatory; and where judgment is entered on the day the verdict is returned, without the interposition of an objection or exception, neither a motion for a new trial filed thereafter nor the bill of exceptions can be considered on appeal and if no error appears on the face of the record proper the judgment must be affirmed.

5. **PUNISHMENT: Assessed by the Court.** Where the jury finds the defendant guilty as charged in the information, but does not assess his punishment, it is the duty of the court to assess and declare the punishment within the limits prescribed by the statute.

6. ————: **Commutation to Reformatory: Without Ascertainment of Prior Conviction or Previous Conduct.** The trial court has authority under the statute (Sec. 12426, R. S. 1919), where a defendant whose age is between seventeen and thirty years has, upon a plea of guilty or by the verdict of a jury, been convicted of a felony, and whose punishment has, by the verdict or by the court, been assessed at imprisonment in the penitentiary, to commute the punishment to confinement in the Missouri Reformatory, for a term not longer than that fixed in the sentence to the penitentiary; but before such commutation is granted the court must first ascertain and determine that said conviction or plea of guilty is for the first offense and that the previous conduct, habits and associations of the defendant warrant such commutation; and without such ascertainment the court has no authority to change the punishment to a lesser one. And where defendant was charged with the felony of statutory rape, and the jury by their verdict found him guilty as charged in the information without assessing any punishment, the court had no authority to assess his punishment at two years

confinement in the Missouri Reformatory, without an ascertainment that his conviction was for a first offense.

Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., Sections 1647, p. 59, n. 12; 1648, pp. 5|9, n. 19, 60 n. 20, 22. Criminal Law, 16 C. J., Sections 2602, p. 1111, n. 85; 2731, p. 1209, n. 6 New; 3244, p. 1377, n. 40; 17 C. J., Sections 3410, pp. 122, n. 97, 123 n. 3 New; 3414, p. 125, n. 29 New; 3445, p. 162, n. 82. Rape, 33 Cyc. pp. 1439, n. 86; 1444, n. 27; 1445, n. 36, 38. Statutes, 36 Cyc. pp. 10|3|1, n. 31; 1036, n. 55.

Appeal from Maries Circuit Court.—*Hon. H. J. Westhues,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. Ellis Walker* for appellant.

(1)   The amended information was not sufficient, and the motion to quash it should have been sustained. The information must charge every condition required by statute. It must allege (a) that the defendant is over seventeen years; (b) the carnal knowledge of 'Ella Fay Elrod; (c) that she was an unmarried female; (d) that she was of previously chaste character; (e) that she was between the ages of sixteen and eighteen years of age; (f) that the assault was feloniously done. The information charges the prosecutrix was between the ages of fifteen years and eighteen years of age. When the statute itself individuates the elements of the crime, the offense must be charged in the language of the statute. State v. Hall, 164 Mo. 530; State v. Gilmore, 110 Mo. 1; State v. McDonald, 85 Mo. 539; State v. Griffin, 98 Mo. 672; State v. Barnes, 281 Mo. 514; State v. Houx, 109 Mo. 659. This amended information was not drawn under the Act of 1921, but under Sec. 3248, R. S. 1919, and this section was repealed before the information was drawn. Therefore it does not use the words of the statute of any offense known to the law. The information will have to be determined under Sec. 3248, R. S. 1919, as amended by Laws 1921, p. 284a. State v. Barnes, 281 Mo. 541; State v. Austin, 113 Mo. 542. In all indictments or informations for felonies, nothing can be left to in-

tendment or implication. State v. James, 232 Mo. 177; State v. Keating, 202 Mo. 271; State v. Meysenburg, 171 Mo. 1; State v. Thierauf, 167 Mo. 429; State v. Hagan, 164 Mo. 654. (2) The punishment was assessed by the court at two years in the Reform School at Boonville. The defendant objects to this form of punishment, since it does not comply with the punishment as fixed by the Amended Laws of 1921, at page 284a. That portion of the statute which prescribes that the court shall fix the penalty does not mean that the court can fix a penalty that is not strictly in compliance with the law. "And upon conviction shall be punished by imprisonment in the penitentiary for a term of two years." The court erred in its fixing the punishment at two years in the Reform School, which punishment is not mentioned by this section of the law.

*Robert W. Otto,* Attorney-General, and *Harry L. Thomas,* Special Assistant Attorney-General, for respondent.

(1) The information is sufficient. It correctly states the minimum age of the person accused. The word "sixteen" in line two of Section 3248, as amended by Act of 1921, Laws 1921, page 284a, is evidently a misprint, the amending clause referring to the word "fifteen" in line three and not to the word "seventeen" in line one of said section. The words "and between the ages of fifteen and eighteen years" in the information are surplusage, the exact age of the female being stated and such age being within the age limit of the statute as amended. The information fully informs of the offense charged. State v. McNabb, 267 S. W. 606; State v. Perrigin, 258 Mo. 233; State v. Hilton, 248 Mo. 522. (2) The record proper shows that the motion for a new trial was not filed until after judgment and sentence. There is, therefore, nothing for review except the record. R. S. 1919, sec. 4079; State v. Huffman, 267 S. W. 838; State v. Whalen, 297 Mo. 241; State v. Deck,

262 S. W. 712; State v. McSame, 267 S. W. 880. No objection was made to the action of the court in entering judgment and passing sentence. State v. Kile, 231 Mo. 59; State v. Brisco, 237 Mo. 154. The verdict and the judgment and sentence appear in separate entries, allocution is shown and there appears to have been no objection on the part of the appellant. He would appear to be the party at fault, he being given opportunity on allocution, to file his motion or interpose objection. State v. Guerringer, 265 Mo. 408; State v. Taylor, 256 S. W. 1059; State v. Deck, 262 S. W. 712; State v. Keller, 263 S. W. 172. Where a defendant is asked if he has any legal cause to show why judgment should not be pronounced, his failure to file a motion or ask leave to do so is held to be waiver. State v. Taylor, 256 S. W. 1059; State v. Pritchett, 219 Mo. 696. (3) No exception appears in the record to the action of the court in assessing the punishment of the appellant at confinement in the Missouri State Reformatory. The point is first raised on appeal in the appellant's brief. While the record to be completed might show a sentence to imprisonment in the Missouri State penitentiary and a subsequent commutation to confinement in the Missouri Reformatory, the omission of these entries could not be prejudicial to the appellant, nor in view of the fact that the court assessed the punishment, material. Nothing appearing to the contrary, the presumption is for regularity. R. S. 1919, sec. 12426. The appellant does not come under the provisions of the statute with reference to the juvenile division of the circuit court, having been found by the jury to be over the age of seventeen years. However, the judgment and sentence, if erroneous as to the place of confinement may be corrected by this court. R. S. 1919, sec. 4111.

HIGBEE, C.—The defendant was convicted of statutory rape and his punishment assessed by the court at confinement in the Missouri Reformatory for a term of two years.

The information was filed July 5, 1923. An amended information was filed charging in substance that the defendant, on or about January ——, 1922, being then and there a person over the age of seventeen years, made an assault upon one Ella Fay Elrod, being then and there an unmarried female of previously chaste character and between the ages of fifteen and eighteen years of age, to-wit, of the age of sixteen years, and her the said Ella Fay Elrod, he the said Randel Walker did then and there unlawfully and feloniously have carnal knowledge of and abuse, etc. On a trial the jury returned the following verdict: "We the jury find the defendant guilty as charged in the information."

Section 3248, Revised Statutes 1919, as amended, Laws 1921, p. 284a, reads:

"If any person over the age of *sixteen* years shall have carnal knowledge of any unmarried female, of previously chaste character, between the age of sixteen and eighteen years of age, he shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for a term of two years, or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than one month or more than six months, or by both such fine and imprisonment, in the discretion of the court."

I. The purpose of amending Section 3248, Revised Statutes 1919, by reducing the age of the male from seventeen years to sixteen years is not indicated in the title as required by Section 34 of Article IV of our Constitution. This change is probably an error or misprint. The word "sixteen" where italicized must be disregarded and in lieu thereof we must read "seventeen" as the minimum age of the male. The only amendment to this section indicated in the title is as to the minimum age of the female.

Age of Male.

II. The amended information sufficiently charges an offense under the section as amended. It charges that

the defendant was over the age of seventeen and that
the prosecutrix was an unmarried female
of previously chaste character between the
ages of fifteen and eighteen years, to-wit, of the age of
sixteen years.

*Information.*

III. The record proper shows that on July 11, 1923,
the cause was tried, the verdict returned, the court assessed the punishment at two years' confinement in the
State Reformatory at Boonville, Missouri,
and, after granting allocution, the court pronounced sentence upon the defendant. . The
record further shows that thereafter on the
same day the defendant filed motions for a new trial
and in arrest of judgment, which were overruled. The
bill of exceptions, however, recites that these motions
were filed before sentence was pronounced.

*Motions:
Filed After
Judgment.*

It has been uniformly held that the record proper
must show the filing of motions for new trial, bill of exceptions and the like, and that such matters cannot be
shown by recitals in the bills of exceptions. [Page Woven
Wire Fence Co. v. Brooks, 126 Mo. App. 495, 104 S. W.
482; St. Charles ex rel. v. Deemar, 174 Mo. 122, 73 S. W.
469; Wallace v. Libby, 231 Mo. 341, 343, 132 S. W. 665; 4
C. J. 59.] The record proper expressly recites that after
the verdict was returned the court informed the defendant that he had been found guilty by the jury as
charged in the information and that the court had assessed his punishment at two years in the State Reformatory at Boonville, Missouri, and, being asked if he had
any legal cause to show why judgment should not be entered against him and still failing to show such cause,
it is therefore ordered and adjudged by the court, etc.
The record then recites that thereafter, on the same day,
the motions were filed and overruled as above stated.

The office of the bill of exceptions in this instance
was to preserve exceptions to the rulings of the court on
the motions—not to show that they were filed. We are
therefore constrained to hold that the motion for new

trial was filed after full opportunity had been granted to the defendant to show cause why judgment should not be entered against him, and that, in default of such showing, judgment had been regularly entered.

Section 4079, Revised Statutes 1919, provides that the motion for a new trial must be filed before judgment and within four days after the return of the verdict or finding of the court, if the term shall so long continue. We have held that the statute is mandatory and that where judgment is rendered on the day the verdict is returned, without objection or exception being interposed, neither a motion for a new trial filed thereafter within four days after verdict nor the bill of exceptions can be considered on appeal, and if no error appears on the face of the record proper the judgment must be affirmed. [State v. Kile, 231 Mo. 59, 132 S. W. 230; State v. Standley, 232 Mo. 23, 25, 132 S. W. 1122; State v. Whalen, 297 Mo. 241, 246, 248 S. W. 931; Kelley's Crim. Law, sec. 429.]

The defendant having been granted allocution and having failed to ask leave to file a motion for new trial, must be deemed to have waived it. [State v. Taylor, 256 S. W. (Mo.) 1059, 1062; State v. Pritchett, 219 Mo. 696, 119 S. W. 386.] It is the duty of counsel to see that proper record entries are made. [State v. Keller, 263 S. W. (Mo.) 171 (3).]

IV. The jury found the defendant guilty as charged in the information, but did not assess or declare the punishment by their verdict. In such case **Punishment.** it was the duty of the court to assess and declare the punishment. [Sec. 4047, R. S. 1919; State v. Emery, 76 Mo. 348; State v. Rollins, 226 Mo. 524, 126 S. W. 478.]

As heretofore stated, the record shows that the court assessed the defendant's punishment at two years in the State Reformatory at Boonville. Section 12426, Revised Statutes 1919, provides, *inter alia*: Any court having criminal jurisdiction, in which any male person,

**Commutation.** between seventeen and thirty years of age, shall, upon a plea of guilty, or by the verdict of a jury, be convicted of a felony and his punishment assessed at imprisonment in the penitentiary, may, in its discretion, at the same term of court at which such plea of guilty is entered or conviction occurs, and before such person is transferred to the penitentiary, commute the punishment to confinement in the Missouri Reformatory for such term as the court may deem proper, but not for a longer time than that fixed in the sentence to the penitentiary; but such court shall first ascertain and determine that said conviction or plea of guilty is for the first offense and that the previous conduct, habits and associations of the person so convicted warrant such commutation.

This section authorizes the court in its discretion and within the limitations prescribed to commute the term of punishment in the penitentiary assessed by the verdict of the jury, to confinement in the reformatory. The conditions did not exist which authorized the court to change the punishment to a lesser one; the jury did not assess the punishment at imprisonment in the penitentiary, nor does it appear the conviction was for a first offense, etc. The purpose of the act establishing the reformatory was to segregate youthful offenders and free them from association with habitual criminals. This may be a *casus omissus*, but *ita lex scripta est*. For the reason assigned the judgment must be reversed and the cause remanded with directions to the trial court to cause the defendant to be brought into court, assess his punishment and proceed in accordance with the statute. [State v. Gordon, 153 Mo. 576, 55 S. W. 76; State v. Person, 234 Mo. 262, 268, 136 S. W. 296.]

It is so ordered. *Railey, C.*, concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.