THE STATE v. JASON COX, Appellant.—300 S. W. 746.

Division Two, December 12, 1927.

658

*A. H. Buchanan* for appellant.

*North T. Gentry*, Attorney-General, and *Walter E. Sloat*, Special Assistant Attorney-General, for respondent.

BLAIR, J.—Appellant was convicted in Douglas County of the felony of having carnal knowledge of an unmarried female of previously chaste character, between the ages of sixteen and eighteen years. [Sec. 3248, R. S. 1919, as amended by Laws 1921, p. 284a.] The jury assessed the punishment at a fine of $250 and imprisonment in the county jail for six months.

The sufficiency of the information is vigorously assailed on the sole ground that appellant was therein alleged to have been ''a person over the age of sixteen years.'' It is the contention of appellant that the failure of the information to allege that he was was over seventeen years of age renders such information fatally defective and that it entirely fails to charge any crime whatever.

The learned Attorney-General concedes that the information is defective, but contends that it is not fatally defective and, as the proof tended to show that appellant was over the age of seventeen years (the age fixed by Section 3248) at the time the alleged crime is said to have been committed and because the sufficiency of the information was not assailed until after verdict, the judgment should not now be reversed because of such defect, because of the provisions of Section 3908, Revised Statutes 1919.

Prior to its amendment in 1921, Section 3248 fixed the age of the female defendant at ''between the ages of fifteen and eighteen'' and the age of the male as ''over the age of seventeen years.'' In 1921 the General Assembly undertook to raise the age of consent of females, under Section 3247, from fifteen years to sixteen years, and this amendment logically required Section 3248 to be amended by fixing the age of the female between sixteen and eighteen years.

This amendment was accomplished by Senate Bill 101, whereby both sections were amended. The title of that bill was, ''An Act to amend Sections 3247 and 3248 of the Revised Statutes of Missouri

1919, by striking out certain words and inserting certain words in lieu thereof, relating to age of consent of females.'' Nothing was said in the title of the bill about changing the age of the male in Section 3248. The first paragraph of the bill made no reference to line one of Section 3248, which provided that the male should be ''over the age of seventeen years'' and only purported to change the word ''fifteen'' to ''sixteen'' in line three. The word ''fifteen'' in line three referred to the female.

Notwithstanding the manifest intent to change only the age of the female under Section 3248, when said section was set out in the bill, as it would read after the amendment set forth in the first paragraph had been made, it purported to fix the age of the male at over sixteen years instead of over seventeen years. Such change in Section 3248 was wholly unauthorized. The learned Attorney-General apparently concedes that the 1921 Act did not accomplish any valid amendment of Section 3248, in so far as the age of the male is concerned. This is necessarily true for at least two reasons. First, it is apparent that the General Assembly did not intend to and did not in fact authorize any such amendment, and, second, if the General Assembly did so intend, the attempted amendment could not be sustained because the title of the act did not cover any amendment as to the age of the male. [State v. Walker, 309 Mo. 103, 274 S. W. 56.]

Our statutes do not anywhere denounce as a crime the act of carnal knowledge of an unmarried female of previously chaste character between the ages of sixteen and eighteen years by a male who is not over seventeen years of age at the time, provided such act is not accomplished forcibly and against the will of the female. Therefore, in alleging that the appellant was over sixteen years of age, the information failed to bring appellant within Section 3248, because such allegation did not exclude the fact that appellant may not have been seventeen years of age. The information was clearly vulnerable to attack on this ground before plea and verdict. The learned Attorney-General inferentially concedes this much.

Respondent's brief relies on Section 3908, Revised Statutes 1919, in so far as it provides that ''no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected; . . . for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits: . . .''

The allegation as to the age of appellant cannot be regarded as surplusage and certainly it is repugnant to no other allegation in

the information. If the information is to be saved by Section 3908, it must be on the ground that the allegation that appellant was over sixteen years of age, instead of over seventeen years of age, did not tend to prejudice his substantial rights upon the merits in view of the uncontradicted evidence that he was in fact between seventeen and eighteen years of age at the time the crime is claimed to have been committed.

The trouble with respondent's contention is that the proviso of Section 3908 declares that nothing in said section shall be so construed as to render valid any indictment (or information, of course), which does not fully inform the defendant of the offense of which he stands charged. The information failed to charge that appellant was a person over the age of seventeen years and, in view of the other allegations as to the age and character of the female and the character of appellant's act, such information failed to charge a crime under Section 3248, or any other section of our statutes.

It could scarcely be contended that an information, drawn under Section 3248 as amended, which failed altogether to allege the age of the male or alleged his age below the age of criminal responsibility, would be good after verdict. The allegation that appellant was over sixteen years of age did not allege that he was over seventeen years of age and aids the information no more than if said information had contained no allegation whatever as to his age. Hence, appellant was not fully informed of the offense with which the state attempted to charge him and Section 3908 cannot save the information even after verdict.

The cases cited by respondent where particular defects were held not to be fatal after verdict and that such conclusion did not violate the rule that nothing in an information shall be left to intendment, have no application to the question here. In the cases cited the necessary allegations were merely deficient and there was no complete failure to charge a crime, as is the case here.

In State v. Wade, 267 Mo. l. c. 256, REVELLE, J., speaking for the Court en Banc, said:

"Where a crime is created by statute, the charge must be such as to specifically bring the accused within the material words thereof. One is not required to wait until the State's evidence is in to know whether he is *charged* with a crime. This much at least must appear from the allegations of the indictment or information—indeed, the State cannot prove what it has not properly alleged, and particularly can it not supply by incompetent evidence an absent allegation in the charge."

It is earnestly contended that the evidence is not sufficient to sustain the verdict. We are unable to concur in this. The prosecutrix testified positively to the fact of sexual relations with appellant.

The defense centered upon an effort to prove that prosecutrix .did not sustain a good reputation for virtue and chastity prior to her first alleged act with appellant. On the other hand, there was substantial evidence offered by the State tending to prove that the reputation of prosecutrix in that respect was good. She testified that she had never had sexual relations with any man until she consented to the act with appellant. A child was born, the paternity of which prosecutrix laid upon appellant.

The uncontradicted evidence was that appellant was over seventeen years of age and that prosecutrix was between the ages of sixteen and eighteen years at the time the act is claimed to have been committed and that prosecutrix had never been married. Such, in substance, were the ultimate facts which the State's evidence tended to prove. Such proof, if accepted by the jury, was manifestly sufficient to sustain the verdict.

Some other assignments of error made here are sufficiently saved by the motion for new trial (Sec. 4079, Laws 1925, p. 198), but are of such a character that they will not likely recur upon another trial and it is not necessary to enter upon a consideration of them in this opinion.

The judgment is reversed and the cause remanded for retrial. All concur.