**In re Interest of J. D. G., a child under 17 Years of Age.**

No. 57382.

Supreme Court of Missouri, Division No. 1.

Sept. 10, 1973.

Michael P. Casey, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

BARDGETT, Presiding Judge.

J. D. G., a juvenile, was found to be a delinquent by the Juvenile Court of the City of St. Louis pursuant to § 211.-031(1)(d), RSMo 1969, V.A.M.S. (Juvenile Code), in that he was found to have violated § 559.260, RSMo 1969, V.A.M.S. (statutory rape), and was committed to the Missouri State Training School for Boys. The juvenile appealed to this court and contends that the consensual sexual intercourse provisions of § 559.260 are not applicable to males under age 17 and that, if they are applicable to males under age 17 then it constitutes invidious discrimination on the basis of age and sex in violation of the Equal Protection Clause of the Constitution of Missouri and the U. S. Constitution Amendment XIV. This court has jurisdiction. Mo.Const. Art. V, § 3, 1945 as amended, V.A.M.S.

Pursuant to § 211.081 and in accordance with § 211.091, a petition was filed in juvenile court alleging that the appellant was within the provisions of § 211.081 and was particularly within the provision of § 211.-031(1)(c) in that the appellant's behavior was injurious to his welfare and the welfare of others and § 211.031(1)(d) in that on January 21, 1971, the appellant wilfully and unlawfully assaulted the prosecutrix, a female under the age of 16 years, by unlawfully and forcibly raping her against her will contrary to § 559.260, and that the appellant cannot receive such care, guidance and control in his own home, as would be conducive to his welfare and the best interests of the state.

The appellant was represented by counsel at all stages of the proceedings and on this appeal.

The evidence at the adjudicatory hearings consisted of the testimony of the prosecutrix, two police officers who investigated the matter and medical testimony and records. The appellant did not testify or offer any evidence.

The sufficiency of the evidence is not disputed so a summary of the prosecutrix's testimony will suffice. She testified that she knew the appellant for about a month prior to January 21, 1971; that on January

21, 1971, at about 7:00 p. m., she saw him in a cafe and he suggested they look for another boy; that they left the cafe and, at the appellant's urging, they went to a vacant house; that the appellant pulled her up the steps to the second floor; that he threatened to break her jaw if she didn't have intercourse with him and that he forced her to have intercourse with him. After that she and the appellant began to get dressed when another young man came in and said it was his "turn now". He and two other young men forced her to have intercourse with them. She had engaged in sexual intercourse on one prior occasion but not subsequent to January 21, 1971. She was three and one-half to four months pregnant at the time of her testimony on May 10, 1971.

At the conclusion of the hearing, defense counsel filed several motions which, inter alia, requested the court to strike all allegations in the petition as to forcible rape.

The court overruled the motions but struck the word "forcible" as being surplusage, holding that it was sufficient to find that appellant had intercourse with a female under the age of 16, under § 559.-260, which includes consensual intercourse with a female who is under the age of 16 years. The court declared the appellant to be a ward of the court. A dispositional hearing was held July 12, 1971, at which time the appellant's motion for rehearing as to the adjudicatory phase of the proceedings was overruled. The appellant was found to be delinquent by statutory rape and within the provisions of the Juvenile Code, and was committed to the State Board of Training Schools to be placed at Poplar Bluff Youth Center.

The appellant's first point on this appeal is that the juvenile court erroneously construed the language "every person" as used in § 559.260, RSMo 1969, V.A.M.S., to include persons under age 17. In other words, appellant contends that § 559.260, properly construed, does not make it a criminal offense for a male under the age of 17 to have consensual intercourse with a female under the age of 16 years. If appellant is correct, then appellant, age 15, did not commit an act (consensual intercourse with a girl under the age of 16) which was violative of any state law and therefore he did not come within the provisions of § 211.031(1)(d), and consequently the court erred in declaring appellant to be a delinquent on the basis that he committed statutory rape, § 559.260, and was within the provisions of § 211.031(1)(d), supra.

■ The state argues that the court declared appellant a delinquent under the provisions of § 211.031(1)(c) and (d). The briefs of the parties so state. The record, however, reflects that the court specifically found the appellant to be a delinquent by reason of committing statutory rape. The record does not reflect any finding comporting with § 211.031(1)(c), which provides that the basis for an adjudication of delinquency can be that "[t]he behavior, environment or associations of the child are injurious to his welfare or to the welfare of others." Sec. 211.181 RSMo 1969, V.AM.S., requires the juvenile court to " * * * make a finding of fact upon which it exercises its jurisdiction over the child * * *." The record here contains no finding of fact under § 211.-031(1)(c) either by reference to the subsection or by specific finding. The record shows that the juvenile court found the appellant "to be delinquent by statutory rape and within the provisions of the Juvenile Code." The terminology "and within the provisions of the Juvenile Code" does not satisfy the requirement of § 211.181, supra, because it does not constitute a finding of fact upon which the court exercised its jurisdiction and this court cannot read into that declaration that the juvenile court found appellant to be a delinquent by reason of subsection (1)(c) of § 211.031, supra. The record does contain the requisite finding of fact under § 211.031(1)(d).

In view of the foregoing, the very recent case of In Interest of M. K., 493 S.W.2d

686 (Mo.App.1973), cited by the state is not in point. In that case the opinon shows that the juvenile court made a finding that the juvenile was delinquent under both § 211.031(1)(c) and (d). Such is not the situation in the instant case.

The court must therefore proceed to determine the question of whether § 559.260 prohibits males under the age of 17 years from engaging in the designated proscribed consensual sexual intercourse, to wit: consensual sexual intercourse with a female under the age of 16 years.

Sec. 559.260, RSMo 1969, V.A.M.S., provides:

"Rape, punishment

"Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woma'n of the age of sixteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury."

■ It is evident that under § 559.260 the only age element contained in the statute with respect to consensual intercourse pertains to the female, and the statute itself does not exclude males under the age of 17. It includes them. It should be noted parenthetically, however, that the operation of § 211.071, RSMo 1969, V.A.M.S., absolutely precludes the criminal prosecution of any person under the age of 14 years.

Appellant contends that § 559.300, RSMo 1969, V.A.M.S., must be considered in relation to § 559.260 and argues that when these two statutes are considered together there emerges a statutory scheme evidencing a legislative intent that § 559.260 be applicable, with reference to consensual intercourse, only to males over the age of 17. Sec. 559.300, RSMo 1969, V.A.M.S., provides:

"Carnal knowledge of female between ages of sixteen and eighteen—penalty

"If any person *over the age of seventeen years* shall have carnal knowledge of any unmarried female, of previously chaste character, between the age of sixteen and eighteen years of age, he shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for a term of two years, or by a fine of not less than one hundred dollars nor more than five hundred dollars or by imprisonment in the county jail not less than one month or more than six months, or by both such fine and imprisonment, in the discretion of the court." (Emphasis added.)

Appellant points out that when the age provisions of §§ 559.260 and 559.300 are considered together, the following result occurs. If a male of any age has consensual intercourse with a female under the age of 16, he violates § 559.260 and is subject to punishment ranging from two years' imprisonment to death. If a male age 16 has consensual intercourse with a female age 16, the male does not violate the provisions of either §§ 559.260 or 559.-300 because the female is not under the age of 16 (§ 559.260) and the male is not 17 or older (§ 559.300), and therefore the act is not punishable. If the girl is age 16, 17, or 18, *and* the male is 17 or older, *and* the other elements set forth in § 559.300 are present, then the male is subject to punishment ranging from a fine to two years' imprisonment.

Appellant argues that the relief from criminal responsibility where a male age 16 has consensual intercourse with a female age 16, and the substantially lesser punishment under § 559.300 when the female is 16, 17, or 18, and the male is 17 or older, evidences such an absurd discrepancy that it simply could not have been intended by the legislature. It is argued that this resulted from legislative oversight or poor

drafting, and that the legislature really intended to limit the consensual intercourse provisions of § 559.260 to males over the age of 17. Appellant contends that the solution to this situation is for the court to hold the provisions of § 559.260 pertaining to consensual intercourse applicable only to males over the age of 17 and that this would make § 559.260 consistent with § 559.300. However, consistency, as such, could also be achieved if the male age mentioned in § 559.300 was age 16 instead of age 17.

In 1921, the General Assembly amended § 3247, RSMo 1919 (now § 559.260, RSMo 1969, V.A.M.S.) by raising the female age of consent from 15 to 16 and reduced the minimum punishment from five years' to two years' imprisonment. Laws of Mo. 1921, p. 284a. There have been no changes in this statute since 1921. The same General Assembly also amended § 3248, RSMo 1919 (now § 559.300, RSMo 1969, V.A.M.S.). Prior to the 1921 amendment, § 3248, RSMo 1919, began: "If any person over the age of *seventeen* years shall have carnal knowledge of any * * * female * * * between the ages of *fifteen* and eighteen years of age * * *." The statute as amended appears in Laws of Mo. 1921, p. 284a, and begins: "If any person over the age of *sixteen* years shall have carnal knowledge of any * * * female * * * between the ages of *sixteen* and eighteen years of age * * *." (Emphasis supplied.)

It appears that the legislature possibly intended to reduce the male age provision of § 3248 from 17 to 16 by the 1921 amendment. Had the 1921 amendment been effective, a 16-year-old male would be punishable under § 3248 (§ 559.300).

However, this court in State v. Walker, 309 Mo. 103, 274 S.W. 56, 57 (1925) held:

"The purpose of amending section 3248, R.S. 1919, by reducing the age of the male from 17 years to 16 years, is not indictated in the title as required by section 34 of article 4 of our Constitution. This change is probably an error or misprint. The word 'sixteen,' where italicized, must be disregarded, and in lieu thereof we must read 'seventeen' as the minimum age of the male. The only amendment to this section indicated in the title is as to the minimum age of the female."

Appellant places principal reliance upon State v. Cox, 318 Mo. 657, 300 S.W. 746 (1927). In State v. Cox, the defendant was convicted of having carnal knowledge of an unmarried female of previously chaste character, between the ages of 16 and 18 years, under § 3248, RSMo 1919 as amended 1921, now § 559.300. Cox contended the information failed to allege an offense because it charged only that Cox was over the age of 16, and the information did not charge that defendant was over the age of 17. Sec. 3248, as construed in State v. Walker, supra, required that the male be over the age of 17. The court held the information fatally defective, saying 300 S.W. at 1. c. 747:

"Our statutes do not anywhere denounce as a crime the act of carnal knowledge of an unmarried female of previously chaste character between the ages of 16 and 18 years by a male who is not over 17 years of age at the time, provided such act is not accomplished forcibly and against the will of the female. Therefore, in alleging that the appellant was over 16 years of age, the information failed to bring appellant within section 3248, because such allegation did not exclude the fact that appellant may not have been 17 years of age."

The above stated quotation is construed by appellant to mean that there was not and is not any law of this state punishing consensual intercourse where the male is 16 or younger regardless of the age of the female. This is a misinterpretation of the court's holding. In *Cox*, the court was concerned with a prosecution where the female was between 16 and 18 years old, not where the female was under the age of 16 years. The predicate, in part, for the

court's statement was that the girl was between 16 and 18 years old (not under 16 years), and, in that light, the court's holding was correct. The holding does not purport to cover situations where the female is under 16 years.

State v. Cox, supra, followed State v. Walker, supra. The court in *Cox* further elaborated upon the attempted amendment of 1921 with respect to reducing the age of the male from 17 to 16 in § 3248. The court said, 1. c. 747:

"The learned Attorney General apparently concedes that the 1921 act did not accomplish any valid amendment of section 3248, in so far as the age of the male is concerned. This is necessarily true for at least two reasons: First, it is apparent that the General Assembly did not intend to and did not in fact authorize any such amendment; and, second, if the General Assembly did so intend, the attempted amendment could not be sustained because the title of the act did not cover any amendment as to the age of the male. State v. Walker, 309 Mo. 103, 274 S.W. 56."

As indicated, supra, there is the possibility that the 1921 General Assembly intended to make 16-year-old males subject to the provisions of § 3248, RSMo 1919 (§ 559.-300), however, and perhaps due to poor drafting, the attempted amendment as to the age of the male was not effective, because it did not comply with the Missouri constitutional provision relating to amendments of laws. State v. Walker, supra; State v. Cox, supra. The language of the attempted amendment of 1921 was carried forward into § 4000, RSMo 1929. It was not until 1939 that the General Assembly corrected the wording of the carnal knowledge statute by a revision bill which struck the word "sixteen" and inserted the word "seventeen" with respect to the age of the male. Laws of Mo.1939, p. 345.

The first carnal knowledge statute (now § 559.300) was enacted in Missouri in 1895 and provided for a minimum male age of 16 years. Laws of Mo.1895, p. 149. Every subsequent amendment stated a minimum male age.

The first statutory rape law (now § 559.-260) was adopted in Missouri in 1825 and stated the female age to be under ten years of age. Laws of Mo.1825, vol. I, p. 283. Subsequent amendments raised the female age to "under 12", to "under 14", to "under 15", and finally to "under 16" years of age. It has always used the language "[e]very person * * *" when referring to the offender and has never set forth a minimum male age.

There is absolutely nothing in the history of §§ 559.260 or 559.300 or in the cases construing them to suggest that the legislature ever intended to limit the application of the statutory rape provsion of § 559.260 to males over the age of 17 and to thereby exclude males under the age of 17 from its proscription. The existence of a minimum male age provision in the carnal knowledge statute (§ 559.300) provides no basis for this court to write a male minimum age into the statutory rape provisions of § 559.260.

The court holds that § 559.260, RSMo 1969, V.A.M.S., includes all males within its purview. The point is overruled.

Appellant next contends that § 559.260, RSMo 1969, V.A.M.S., is in violation of the Equal Protection Clause of the Missouri Constitution and Amendment XIV of the United States Constitution because it discriminates against him on the basis of his age and sex.

There is no provision in § 559.260 with respect to the age of the offender. Appellant argues that he is discriminated against on age because the law does not punish the male when consensual intercourse occurs between two persons age 16. In support of his point on age discrimination appellant cites State v. Gregori, 318 Mo. 998, 2 S. W.2d 747 (1928). In *Gregori* the court held that it was a denial of equal protection to permit children of age 17 in one

part of the state to be subject to the Juvenile Court Act while denying the benefits of that act to children of age 17 in another part of the state and subjecting the latter to criminal responsibility. The effect of several statutes was to declare that in counties of less than 50,000 population persons under age 17 to be juveniles and in counties of over 50,000 population persons under age 18 to be juveniles. Thus, in some counties a person of age 17 was a juvenile and in other counties a person of age 17 was not a juvenile. The statutes considered in *Gregori* clearly discriminated between persons of the same age without any rational basis for doing so.

Sec. 559.260 does not discriminate between offenders based on age at all. It declares that all persons who violate the statutes are punishable under it. The criterion for punishment under the consensual intercourse provision of § 559.260 is the age of the victim, which in the case of rape, must be a female.

■ Age is a legitimate legislative consideration when the evil sought to be prevented is directly related to knowledge of the consequences of the prohibited act by the party who will be seriously damaged by the act and where, in the very nature of things, one of the participants cannot suffer as serious and substantial adverse consequences as the other.

The example that obviously comes to mind is that the female can become pregnant but the male cannot. Along with pregnancy comes all of the attendant psychological, medical, sociological, and moral problems, including questions of whether to have an abortion or to bear the child. While other adverse effects on the female could be set forth as well as the problems of the bastard child, it is obvious to all that there are virtually no adverse consequences to the male but the effect upon the female can be disastrous.

■ The selection of the female age factor in a statutory rape statute is basically a legislative function. The court holds that the female age factor contained in § 559.260, RSMo 1969, V.A.M.S., is directly and reasonably related to the evil sought to be prevented and does not violate the Equal Protection Clause of the Missouri or United States Constitutions.

Appellant argues that § 559.260 punishes the male solely on the basis of sex. This is not so.

First of all, the obvious purpose of the statute is to protect one of the two sexes, female, from a particular act, sexual intercourse, during certain years, under age 16. No one suggests that this is not within the purview of proper legislative action, nor that the class, females, protected by this statute is arbitrary or discriminatory.

It follows that if females are to be protected against sexual intercourse then the protective statute must forbid the only other group that can personally perform the act of sexual intercourse, males, from engaging in it.

Secondly, the opening phrase of § 559.-260—"All persons"—subjects both males and females to punishment. In 65 Am. Jur.2d Rape § 28 (1972), it is said:

"A person who aids, abets, encourages, or assists in the commission of the crime of rape may be convicted as a principal under statutes in many jurisdictions, and be punished equally with the actual perpetrator of the offense. To be an aider and abettor, it is immaterial that the person is disqualified from being the principal actor by reason of age, sex, condition, or class. A woman, a boy under the age of physical ability, or the husband of the female victim, who aids, abets, encourages, or assists in the commission of the crime may be convicted as a principal under statutes existing in many states. Under such statutes, all who aid or abet the commission of a rape, whether actually present or not may be charged as principals."

In Missouri all persons who aid and abet another in the commission of a felony are punishable as principals. Sec. 556.170, RSMo 1969, V.A.M.S.; State v. Sheard, 276 S.W.2d 191 (Mo.1955); State v. Drope, 462 S.W.2d 677 (Mo.1971).

Cases cited by appellant to support his position of sex discrimination are: Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) (statutory preference of men over women for appointment as administrator of a decedent's estate); State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S.W.2d 124 (Mo.banc 1930) (boys under age 17 having the benefit of the Juvenile Code while girls under 17 did not have that benefit); Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968) (a statute which provided different punishment as between men and women for the same offense); United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn.1968) (indefinite sentences for females but not for males); White v. Crook, 251 F.Supp. 401 (M.D. Ala.1966) (statutes prohibiting women from serving on juries); and Sail'er Inn, Inc. v. Kirby, 5 Cal.3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971) (statute prohibiting women from becoming bartenders).

None of the cited cases concerns that particular type of act which requires for its performance the participation of both a male and a female.

The court is cognizant of the decisions of the Supreme Court of the United States which hold that statutory classifications based on sex may be constitutionally suspect, subject to close judicial scrutiny, and justifiable only by an overriding statutory purpose. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

In Reed v. Reed, supra, 404 U.S. at pp. 75–76, 92 S.Ct. at p. 253–254, the court said:

"The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

It is questionable whether or not the criteria set forth by the Supreme Court of the United States, supra, apply to laws which by their very nature must distinguish between males and females, such as rape statutes. The offense can only be committed against a female and, insofar as a personal participation in the act of sexual intercourse is concerned, can only be performed by a male. Therefore, if the protection of the female from this particular act is a proper subject of state interest and legislation, which it is, then the classification along sex lines becomes inherently necessary.

Nevertheless, the court has considered the criteria enunciated by the Supreme Court of the United States and, for the reasons stated in this opinion, concludes that the classification set forth is reasonable and bears a fair and substantial relationship to the object of § 559.260, and that all persons similarly classified are treated alike under that statute.

Sec. 559.260 does not violate the Equal Protection Clause of the Missouri Constitution or the United States Constitution Amendment XIV.

The judgment is affirmed.

All of the Judges concur.