THE STATE v. ROBERT HANSON, Appellant.

**Division Two, May 23, 1911.**

1. **LOCAL OPTION LAW: Title.** The title to the Local Option Law, which refers only to "intoxicating liquors," is in harmony with that section of the Constitution which says that no bill shall contain more than one subject, which shall be clearly expressed in its title, and is broad enough to authorize a section in the act which prohibits the sale of any beverage containing alcohol, although not a sufficient percentage of alcohol to intoxicate those who drink it.

2. ———: ———: **More Than One Subject.** The Local Option Law does not contain more than one subject, namely, beverages which do intoxicate and beverages which do not intoxicate. The words "intoxicating liquor," used in the title of the act, include all liquors which contain alcohol in any quantity, whether or not they intoxicate persons who drink them.

3. ———: ———: ———: **Cider.** Under the Local Option Law it is unlawful for a restaurant keeper to sell hard cider containing five per cent of alcohol. Such cider, since it contains alcohol, is "intoxicating liquor" within the meaning of that act.

Appeal from Ray Circuit Court.—*Hon. F. H. Trimble,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) Appellant challenged the validity of the Local Option Law in so far as it prohibits traffic in beverages which contain alcohol, or are fermented, but which are not, in point of fact, intoxicating. Since the case now under review was tried, this court has passed directly upon the identical questions presented by this record, and in an able and exhaustive opinion, covering every phase thereof, has ruled each contention adversely to this appellant. State v. Martin, 230 Mo. 1. (2) The validity of the Local Option Law in all other respects has been finally and conclusively settled. State ex rel. v. Pond, 93 Mo. 606; Ex parte Swan, 96 Mo. 44; State v. Watts, 111 Mo. 553; State v. Dugan, 110 Mo. 138; State v. Handler, 178 Mo. 38; State v. Harp, 210 Mo. 254; State v. Campbell, 214 Mo. 362. (3) The agreed statement of facts, as well as other evidence introduced, showing that the hard cider which appellant sold was a fermented beverage containing at least five per cent of alcohol, completely established appellant's guilt. State v. Martin, 230 Mo. 1.

BROWN, J.—Defendant was fined $300 in the circuit court of Ray county for selling intoxicating liquor in the city of Richmond in said county, in violation of the Local Option Law; and appeals to this court.

The indictment charges defendant with selling "intoxicating liquor, to-wit, one pint of hard cider." The documentary evidence introduced proves that the Local Option Law had been duly adopted in said city of Richmond prior to the alleged sale; while the sale itself is proven by an agreed statement of facts, which recites that defendant sold hard, fermented cider, containing as much as five per cent of alcohol; but there is no evidence that the defendant placed any alcohol or other intoxicant in the cider. He bought and sold it in his usual course of trade as the keeper of a restaurant.

Defendant has not favored us with a brief, but from his motion for a new trial we ascertain that he seeks a reversal of the judgment against him on the following grounds:

1. That the Local Option Law is in conflict with section 28 of article 4 of the Constitution of Missouri in so far as it attempts to prohibit the sale of beverages which do not contain a sufficient percentage of alcohol to intoxicate those who may drink same; because the title of the bill under which said law was enacted only refers to the sale of "intoxicating liquor."

2. That if said Local Option Law be construed so as to embrace non-intoxicating beverages, then it violates the said 28th section of article 4 of the Constitution, because the bill creating said law contains more than one subject, to-wit, the sale of intoxicating beverages and also the sale of beverages which do not intoxicate.

## OPINION.

I. Since the defendant was convicted in the court

below, this court in a well considered opinion has held that the title of the bill creating the Local Option Law is in harmony with section 28 of article 4 of the Constitution, in so far as that section requires the subject of every law to be clearly expressed in the title of the bill by which it enacted. [State v. Martin, 230 Mo. 1.] Upon the authority of that case, we must overrule defendant's first assault on the judgment of the trial court.

II. The further contention of defendant that the Local Option Law is in conflict with said section 28 of article 4 of our organic law, because the bill creating the said law contains more than one subject, to-wit, the sale of intoxicating beverages, and also the sale of beverages which do not intoxicate, is equally unsound.

If the words "intoxicating liquor," as used in the title of the Local Option Law, should be so construed as to apply only to beverages which will intoxicate, then this assault on that law would be well founded; but we do not believe that the Legislature intended these words as so used to carry such a narrow meaning.

In ascertaining the intent of the lawmaker, it is always permissable and appropriate to consider the condition of the law prior to the passage of the act to be construed. [Dowdy v. Wamble, 110 Mo. 280; Keene v. Wyatt, 160 Mo. l. c. 16.]

Almost ever since the admission of our State into the Union, there have been attempts to regulate or partially prohibit the sale of beverages containing intoxicants, by restricting their sales to persons having a license to deal in the same. The construction of these dramshop statutes have been so often before the appellate courts that we take judicial notice of the fact that a favorite method of avoiding them has been to sell beverages which appear to have no intoxicating properties, but which in fact, contain alcohol. The fact that some people would become intoxicated by the

use of a very small quantity of alcoholic stimulants, while others could imbibe an indefinite quantity of the same beverage and remain sober, made it necssary to have some fixed rule for determining what were intoxicating liquors. Accordingly, as early as 1855 the following section was inserted in the dramshop law of our State: "Sec. 31. The term 'intoxicating liquor,' as used in this act, shall be construed to mean fermented, vinous and spirituous liquors, *or any composition of which fermented, vinous or spirituous liquor is a part.*" This section has been carried through all subsequent revisions of our statutes, and is now section 7222 Revised Statutes, 1909.

It will not be denied that all fermented, vinous and spirituous liquors contain alcohol. Consequently, the words "intoxicating liquor," as used in our dramshop statutes for more than half a century have meant any beverage containing any percentage of alcohol, however small.

The Local Option Law deals with the same subject as the Dramshop Law, to-wit, the sale of beverages containing alcoholic stimulants; and was intended, wherever adopted, to suspend and supplant the Dramshop Law. The words "intoxicating liquor" as they had stood in our statutes nearly half a century, having meant, and having been construed to embrace, all beverages containing alcohol in any quantity, it is perfectly clear to our minds that those words as used in the title to the Local Option Law were likewise intended to include every beverage composed in whole or in part of alcohol; hence we must overrule defendant's second objection to the judgment.

Finding no reversible error in the record, the judgment of the trial court is affirmed· *Kennish, P. J.,* and *Ferriss, J.,* concur.