STATE of Missouri, Respondent,

v.

Aaron W. EISON, Appellant.

No. 44159.

Supreme Court of Missouri,

Division No. 2.

Oct. 11, 1954.

J. Arnot Hill, Kansas City, for appellant, John C. Pohlmann, Kansas City, of counsel.

John M. Dalton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.

TIPTON, Presiding Judge.

In the circuit court of Jackson County, Aaron W. Eison, the appellant, was convicted of manslaughter by culpable negligence, and his punishment was assessed at one year in the county jail. From this judgment the appellant has duly appealed to this court.

The uncontradicted evidence is that on November 11, 1951, the appellant was driving a motor vehicle west on Highway 40 in Jackson County; that at a point 2.3 miles east of Grain Valley, Missouri, the motor vehicle driven by appellant collided head-on with a car being driven east by James R. Simmons, Sr.; and that Simmons died as a result of injuries he received in this collision. The collision occurred in the east bound traffic lane, thus putting the appellant's motor car on the wrong side of the highway at the time of the collision.

For several miles prior to the time of the collision appellant had been followed by a car driven by William D. Prewitt. Mr. Prewitt and his three passengers all testified that while they followed the motor vehicle it weaved from one side of the highway to the other so their car could not pass with safety. The state produced substantial evidence that the appellant was drunk at the scene of the accident, however, appellant's witnesses testified that he was sober.

The first assignment of error in appellant's brief is that the trial court erred in admitting incompetent, irrelevant and immaterial evidence.

The widow of the deceased testified that she and deceased had four grown children, that deceased worked all the time and was a good provider. The trial court sustained appellant's objection to this evidence but refused to discharge the jury.

James Rhoads, a trooper with the State Highway Patrol assigned to the laboratory, was asked as an expert witness what per cent of alcohol in the blood would indicate intoxication. His answer was, "Well, it is considered that with an alcoholic concentration of .15 a man or woman—a person, is under the influence of alcohol as regards ability to drive an automobile."

Appellant also objects to the state's recalling appellant's witness Ivan Dean, and in asking him questions that would tend to impeach this witness.

■ In his motion for a new trial, appellant states that "the court erred in admitting incompetent, irrelevant and immaterial evidence." This assignment fails to comply with Section 547.030 RSMo 1949, V.A. M.S. This section requires that "the motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." The assignment of error above quoted is general and not specific, and is a mere conclusion, therefore, there is nothing before us for our review. State v. Kelly, Mo.Sup., 258 S.W. 2d 611; State v. Brown, 360 Mo. 104, 227 S.W.2d 646.

Appellant contends that counsel for the state on cross-examination "ridiculed" him by the use of such words as "gee-tar," "chug-lugging beer" and "sashaying down the highway," and by mimicking appellant's manner of speech.

On the day in question appellant had been to a tavern in Jackson County, both in the morning and in the late afternoon. He had his guitar with him and he and other men played it. Appellant pronounced the word guitar as "gee-tar." On cross-examination of appellant the state's attorney used the word "gee-tar" but the court sustained appellant's objection to the use of the word.

In fact, the record shows that during the cross-examination of the appellant the court sustained twelve objections and overruled three. Only once did counsel for appellant follow the objections with a request that the state's attorney be "reprimanded and the jury discharged," and that was when the state's attorney used the words, "chug-lugging beer" and "tagging up with" some one.

Appellant relies upon the case of State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524, 526, which holds that "a prosecuting attorney occupies a quasi-judicial position. It is his duty to conduct the trial in such manner as will be fair and impartial to the rights of the accused."

■■ We do not believe the phrases used by the state's attorney were so unfair that they would justify a new trial. The terms, "chug-lugging beer" and "tagging up with" some one, are rather common terms used when referring to the drinking of beer or meeting friends. Evidently the trial court thought the jury could discount the state's attorney's zeal in his cross-examination of the appellant. At least, we cannot rule that the trial court abused its discretion in not granting a mistrial. "Granting a mistrial, because of the misconduct of attorneys, rests to a large extent within the discretion of the trial court." State v. Wilkins, Mo. Sup., 100 S.W.2d 889, loc. cit. 897. See, also, State v. Thursby, Mo.Sup., 245 S.W. 2d 859.

Appellant's last assignment of error in his brief is that the court erred in failing to discharge the jury on the motions of appellant after the state's attorney in his closing argument had misquoted evidence and had repeatedly, over appellant's objections, referred to appellant as "this drunken killer."

The only assignment of error in appellant's motion for a new trial that would in any way support the point in appellant's brief is Assignment Number 8, which is as follows:

"That the court erred in failing to discharge the jury on the motions of defendant after counsel for the state in his closing argument had misquoted evidence and had repeatedly, over defendant's objections, referred to defendant as 'this drunken killer.'"

This assignment does not, with particularity and in detail, show wherein any evidence was misquoted by the state's attorney. Therefore, under Section 547.030 RSMo 1949, V.A.M.S., which has previously been discussed, the question of misquoting evidence is not before us for our review. Only that portion of the assignment of error which may be considered as complying with Section 547.030, supra, is the reference to appellant as "this drunken killer."

The state's evidence was to the effect that the appellant was drunk at the time he drove his motor vehicle into the one driven by the deceased. There is no contention that the collision was not the direct and proximate cause of deceased's death. Under these circumstances, we cannot say that the trial court abused its discretion in permitting the state's attorney to draw the conclusion that the appellant was a "drunken killer." State v. Wilkins, supra; State v. Thursby, supra.

Finding no reversible error in the record, the judgment and sentence of the trial court is affirmed.

LEEDY, Acting P. J., ELLISON, J., and BENNICK and BROADDUS, Special Judges, concur.