STATE of Missouri, Respondent,

v.

Lavurn NORD, Appellant.

No. 44918.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

David J. Kueter, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Appellant, Lavurn Nord, hereafter referred to as the defendant, was found guilty of murder in the second degree and his punishment assessed at imprisonment in the penitentiary for twenty years. He appeals from the judgment and sentence entered accordingly.

The evidence indicates that one James Richardson died on October 30, 1954, from the effects of a stab wound inflicted earlier that day by defendant. The incident occurred in an alley connecting Franklin and Cole Streets in the block between Broadway and Fourth Streets in St. Louis, Missouri. A number of colored men had built a fire in an iron barrel and had gathered around it drinking wine. Defendant joined them about 9 a. m. and "chipped in" a quarter on the purchase of a fifth of wine. Muriel Easton was sent to get it. As Easton returned, he met deceased who accompanied him back to the barrel. Shortly thereafter, all of the men left except Easton, Richardson and the defendant. According to Easton, the defendant raised up from his seat, took a butcher knife from under his coat and stabbed Richardson in the chest. He stated that nothing had been said, no threats had been made and that neither of the men had previously struck the other.

The defendant offered no evidence. However, when he was arrested the next day, defendant made certain statements to the officers which show his version of the occurrence. He was found by the officers while sleeping in a vacant building not far from the scene of the homicide. When awakened he was lying on a butcher knife which he later admitted was used in stabbing the deceased. The officers testified that, after defendant was taken to the police station, he stated that when Easton returned to the barrel the fifth of wine was consumed by defendant, Easton and a colored man called "Pop." He related further that shortly thereafter another colored man (Richardson) called him a vile name, threatened to knock his brains out and then did strike defendant "alongside of his head

with his fist," and that defendant then pulled out the knife and stabbed him one time on the left side. Apparently all of them then ran out of the alley.

 Defendant has not filed a brief and therefore it becomes our duty to examine the assignments in his motion for new trial. The first point in the motion is that the verdict is against the weight of the evidence. We have frequently held that this assignment is too general and therefore insufficient to preserve anything for review. State v. Schramm, Mo.Sup., 275 S.W.2d 343.

The second assignment is that the verdict was highly excessive and constituted cruel and unusual punishment. The punishment upon conviction of murder in the second degree is imprisonment in the penitentiary for not less than ten years. Section 559.030 RSMo 1949, V.A.M.S. Fixing the limits of the punishment for crime is a legislative and not a judicial function. State v. Copeland, 335 Mo. 140, 71 S.W.2d 746; State v. McGee, 361 Mo. 309, 234 S.W. 2d 587. The period of imprisonment specified in the verdict in this case was well within the limits prescribed by the statute and was not excessive. Moreover, it is apparent that the punishment fixed by the jury does not violate the constitutional prohibition against the infliction of cruel and unusual punishment.

The final point of which defendant complains is that the court erred in overruling his motion for judgment of acquittal filed at the close of the evidence. We see no merit in this contention. As we have heretofore indicated, there was positive evidence that defendant intentionally killed Richardson with a butcher knife. It is therefore obvious that the motion for judgment of acquittal was properly overruled as there was ample evidence to sustain the verdict.

We have examined the record and find no error in regard to matters not required to be preserved in the motion for new trial. The information properly charges the de-

fendant with the offense of murder in the second degree. The verdict is in proper form. Defendant was granted allocution and the sentence and judgment are responsive to the verdict. We have concluded that the defendant was afforded a fair trial and that the judgment should be affirmed. It is so ordered.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.