**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Frank COOK, Defendant-Appellant.**

**No. 7804.**

Springfield Court of Appeals.

Missouri.

March 1, 1960.

Ralph M. Crow, Rolla, for appellant.

Jay V. White, Pros. Atty., Rolla, for respondent.

McDOWELL, Judge.

On November 21, 1958, the Prosecuting Attorney of Phelps County, Missouri, filed his first amended information in the Circuit Court of said county, charging defendant, Charles Frank Cook, with a misdemeanor, to-wit: violating the Motor Vehicle Laws, section 301.130 RSMo 1949 as amended, V.A.M.S. The cause was tried by jury and a verdict returned finding defendant guilty and assessing his punishment at a fine of $25.00. From a judgment on the verdict defendant appealed.

The amended information reads as follows: "Jay White, Prosecuting Attorney, within and for the County of Phelps and State of Missouri, upon his official oath of office as such, and upon his information and belief, informs the Court that at and in the County of Phelps and State of Missouri, on or about the 9th day of November, 1956, the defendant, Charles Frank Cook, then and there being, did then and there wilfully, and unlawfully drive and operate a motor vehicle, to-wit: 1951 Cadillac Sedan, over and upon Highway 66 without having displayed the license plates or temporary permit issued by the Director of Revenue in that said motor vehicle carried a dealer's license plate other than the defendant's Charles Frank Cook, Dealer's license plate, without lawful authorization by law; * * *".

A motion to quash the information was filed by the defendant. The reasons assigned for said motion were: that the information does not charge an offense; that it does not properly advise defendant of the accusation against him; that it does not contain clear and distinct averments rendering it difficult to determine what evidence would be admissible; that it does not fully inform defendant of the offense, if any, of which he stands charged. The motion to quash was, by the court, overruled and the cause tried November 21, 1958.

The facts are that: Appellant, a licensed automobile dealer of Rolla, Missouri, did on November 9, 1956, purchase from Burrell Motor Company, operators of the Cadillac Agency in Rolla, a 1951 Cadillac automobile and took assignment of title of said car and paid for same; that on that day defendant was arrested by the State Highway Patrol while driving the Cadillac in Phelps County on U. S. Highway 66. At the time of the arrest the Cadillac car had displayed on it a dealer's license plate belonging to Rudie's Auto Sales, an automobile agency in Rolla. At the time of the purchase of the car, appellant did not get a written statement or permit from the seller to use the dealer's license plate nor did he deposit with the seller $10.50 as required by law. He was a registered dealer and had the right to use his dealer's license plates but did not do so.

The jury returned into court the following verdict:

"We, the jury, find the defendant, Charles Frank Cook, guilty, as charged, and assess his punishment at a fine of twenty-five dollars.

"/s/ J. M. Vance, Foreman."

■ Notice of appeal and abstract of the record have been filed in this court but appellant filed no brief. Under the law we have a duty to examine the matters raised in appellant's motion for new trial where no brief is filed. State v. Missey, Mo.Sup., 234 S.W.2d 777, 780[2].

■ It has been a mandatory requirement of statute, section 547.030 RSMo 1949, V.A.M.S., and now Supreme Court Rule 27.20, 42 V.A.M.S., that the motion for new trial "must set forth in detail and with particularity", the specific grounds or causes therefor. State v. Sheard, Mo.Sup., 276 S.W.2d 191, 192[1, 2]; State v. Gaddy, Mo.Sup., 261 S.W.2d 65[4]; State v. Burks, Mo.Sup., 257 S.W.2d 919[1].

Appellant's motion for new trial assigns four alleged errors:

Assignment of error numbered 1 complains of the action of the trial court in refusing to quash the information and in overruling defendant's motion to dismiss. Under this allegation seven contentions are made. We think these contentions can be grouped together under the one charge that the petition does not state a crime.

■ With this contention we do not agree. The information follows the words of the statute and is sufficient. Section 301.130, subd. 5; State v. O'Brien, Mo.Sup., 245 S.W.2d 857; State v. Missey, Mo.Sup.,

234 S.W.2d 777; State v. Harmon, Mo.Sup., 243 S.W.2d 326.

The second allegation of error is that the trial court erred in failing to sustain the defendant's motion for judgment of acquittal at the close of the State's evidence and at the close of all of the evidence. It is contended that the evidence failed to show the defendant had no legal right to display the license plates on the vehicle at the time of the arrest, and that the evidence failed to show that defendant committed any offense.

■ In passing on assignment of error challenging the sufficiency of the evidence the court will consider as true evidence favorable to the State and favorable inferences reasonably to be drawn therefrom. State v. Harmon, Mo.Sup., 243 S.W.2d 326 [7]; State v. Swindell, 357 Mo. 1090, 212 S.W.2d 415 [2]; State v. Sheard, Mo.Sup., 276 S.W.2d 191, 193 [3].

■ The evidence supports the allegations of the petition and there is no merit to this alleged error.

■ The contention made that the verdict is against the law and the evidence and the weight of the evidence violates the requirements of the statute and of the Supreme Court Rule herein set out and presents nothing for review.

The last alleged error complains of the court's action in permitting the filing of an amended information on the ground that an entirely different offense was alleged therein.

■ This error, if any, was not preserved in the record. Appellant made no objection to the filing of the amended information and entered into the trial voluntarily thereon and is in no position to complain now of such error, if any.

Judgment affirmed.

STONE, P. J., and RUARK, J., concur.