STATE of Missouri, Plaintiff-Respondent,

v.

Charles PATTON, Defendant-Appellant.

No. 7840.

Springfield Court of Appeals. Missouri.

June 6, 1960.

See also 308 S.W.2d 641.

Ronald J. Fuller, Rolla, for appellant.

Jay V. White, Pros. Atty., Rolla, for re-·spondent.

McDOWELL, Judge.

Charles Patton, appellant, was convicted ·of a misdemeanor, to-wit, supplying in-toxicating liquor to minors and fined $200 by the Circuit Court of Phelps County, Missouri from which judgment he appealed to this court.

The prosecution was based upon § 311.-310 RSMo 1949, V.A.M.S. The amended information charged that defendant "wil-fully and unlawfully supplied intoxicating liquor to Monroe Hodge, Georgie Hodge, and Vernon Smith, persons under the age of 21 years;"

The State's evidence tended to prove that Monroe Hodge, age 19, Georgie Hodge, age 14, and Vernon Smith, age 13, were, on November 22, 1954, in Montgomery's Tav-ern in Rolla, Phelps County, Missouri, where the boys were shining shoes; that about 7:30 or 8:00 o'clock P.M., defendant came to the tavern and asked the boys to take a ride with him; that they left in a pickup truck, owned by Rolla Hardware Company, (defendant driving); that dur-ing this trip they stopped at Eagle's Club out on old Highway 66, north of Rolla, where defendant purchased some liquor which he shared with the boys. The liquor was in sealed cans which, Monroe Hodge testified, was Budweiser beer, the other two boys merely testified that he purchased beer. After this beer was consumed de-fendant drove the truck to Beuhler Park, (a city park in Rolla), parked it and went to Mitchell's Liquor Store, where he pur-chased a six pack of beer, took it to the truck, later opened it and shared it with the boys. The boys stated that the liquor con-sumed was beer; that they had tasted beer before and knew what it was; that the labels on the cans were Budweiser and Red Cap Ale.

The two Hodge boys testified that each drank about three cans of beer; that it made them "tipsy" and "dizzy"; that they staggered and one of them fell to the ground. Neither of these witnesses knew the alcoholic content of the liquor.

Ben Matthews and John Martin, two police officers of Rolla, testified that they

stopped their car where defendant's truck was parked at Beuhler Park and inquired of the boys why they were out so late and that while they were talking, the defendant came from Mitchell's Liquor Store carrying a six-pack of beer and placed it in the back of the truck; that when they left, defendant, instead of following them back to town where the boys lived, drove west.

James Emmett Mitchell, operator of the Mitchell Liquor Store, testified that he had a permit to sell liquor in the package from the Department of Liquor Control; that he had not handled 3.2 beer since 1942 but handled only 5% beer.

The bartender at the Eagle's Club testified that they were not licensed to handle 3.2 beer and only handled 5% beer and other liquors.

Emil N. Soso, a chemist for the Liquor Control Department, of Missouri, testified that beer is 5% as long as it passes 3.2; "that beers of 5% rise to 3.6 to 3.8% by weight of alcohol;" that the normal difference between 3.2 and 5% is about six tenths of a percent.

■ Appellant has filed no brief, but we must, nevertheless, examine the matters raised in his motion for new trial. State v. Missey, Mo., 234 S.W.2d 777, 780 [2]; State v. Cook, Mo.App., 333 S.W.2d 337, 339 [1].

In the motion for new trial two assignments of error are made. First, that the State failed to produce any evidence that defendant supplied minors with any beverage containing the percentage of alcohol which did establish that the beverage was intoxicating liquor under the statute, and, because the State failed to produce evidence that defendant supplied minors with any beverage containing in excess of 3.2 percent of alcohol by weight, and, secondly, that the court erred in overruling defendant's motion to quash the amended information for the reason that it was vague and indefinite and failed to advise defendant of the charge against him.

■ Under the first assignment of error appellant challenges the sufficiency of the evidence to make a case. In determining this question we consider as true the evidence favorable to the State and favorable inferences reasonably to be drawn therefrom. State v. Sheard, Mo., 276 S.W.2d 191, 193 [3]; State v. Harmon, Mo., 243 S.W.2d 326, 331 [7]; State v. Swindell, 357 Mo. 1090, 212 S.W.2d 415, 417.

Our court held in State v. Patton, 297 S.W.2d 19, 21, that "The courts may not apply their own tests in order to determine what malt beverages may not be supplied to minors because they are intoxicating. The General Assembly of Missouri has preempted this field (that of declaring what is intoxicating and what is not intoxicating) and by separate statutes has divided malt beverages into three classifications. Chapter 311 RSMo 1949, V.A.M.S., is the Liquor Control Law, and (A) in Section 311.020 intoxicating beer (and other liquor beverages) is defined as that which contains *in excess of 3.2 per cent of alcohol by weight*. It is under this chapter that the charge against appellant is laid. Section 311.310 provides that any person, except a parent or guardian, who shall give or supply a person under twenty-one years with intoxicating liquor shall be guilty of a misdemeanor. Chapter 312 deals with 'nonintoxicating' beer. (B) under Section 312.010 et seq., such is defined as any beer which has *an alcoholic content of more than one-half of one per cent by volume and not exceeding 3.2 per cent by weight*. (C) Section 312.020(2) expressly exempts all beverages containing *less than one-half of one per cent of alcohol by volume*.

■ "Where the statute makes the character of beverages sold the substance of the offense, such character must be proved by the state. State v. Kroeger (banc), 321 Mo. 1063, 13 S.W.2d 1067; State v. McMillen, 327 Mo. 1189, 39 S.W.2d 559."

■ Under the record in the instant case the evidence is that defendant supplied

beer, purchased from the Eagle's Club in cans that had stamped on them "Budweiser" and from Mitchell's Liquor Store, to the three minor boys. The evidence stands undisputed that these two taverns did not handle 3.2 beer but only handled 5% beer or stronger beverages. An expert witness testified that 5% beer had alcohol by weight in excess of 3.2 beer. He stated it had about 3.6 to 3.8% by weight alcohol. Aided by the fact that it had the effect on the boys of making them "tipsy" (as one boy stated), caused them to fall down and stagger, we think the evidence was sufficient to show that the beer furnished the minor boys by the defendant did contain alcohol in excess of 3.2% by weight and was sufficient to sustain the conviction under the information. We are fully aware that it was the duty of the State to prove the defendant guilty beyond a reasonable doubt by showing that the alcoholic content of the beer, which appellant is charged with furnishing the minors, falls within the range of alcoholic contents specified by the statute. The evidence must show that the liquor so furnished the minors by defendant contained in excess of 3.2% of alcohol by weight. We think that the evidence was sufficient to make this showing. See State v. Patton, Mo., 308 S.W.2d 641.

Under the second allegation of error, as shown by the motion for new trial, defendant complains of the sufficiency of the petition to charge an offense.

The amended information follows the language of the statute as set out in § 311.310 RSMo 1949, V.A.M.S., in charging the defendant with supplying intoxicating liquor to minors and is sufficient both in form and substance. State v. Thursby, Mo., 245 S.W.2d 859; State v. Roberts, Mo., 232 S.W.2d 975; State v. Miller, Mo., 202 S.W.2d 887.

Judgment affirmed.

STONE, P. J., and RUARK, J., concur.